Commonwealth *v.* Raison, Appellant.

Argued November 28, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Harry W. Farmer,* Assistant Public Defender, with him *V. Clayton McQuiddy,* III, Assistant Public Defender, and *John R. Merrick,* Public Defender, for appellant.

*F. Ned Hand,* Assistant District Attorney, with him *Michael Joseph Melody, Jr.,* First Assistant District Attorney, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, October 16, 1974:

The appellant, Rodney Lawrence Raison, was found guilty by a jury of voluntary manslaughter in 1972. Post-verdict motions were denied and the appellant was sentenced to a term of imprisonment of not less than five years nor more than twelve years. This appeal followed.

The first two issues raised concern the trial court's charge to the jury. There were no objections at trial, however, to the alleged errors even though the trial court, after its charge and before the jury retired, inquired whether counsel had any additions or corrections to call to the court's attention. Defense counsel responded by stating "Defense has none, your Honor." Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure provides that "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Under that rule, the claims concerning the alleged errors in the charge are not

reviewable. *See Commonwealth v. Watlington,* 452 Pa. 524, 306 A.2d 892 (1973). *See also Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

The only other claim is that the jury should have found that the appellant acted in self-defense. We do not agree.

The evidence established that the appellant, while at a barroom, saw his girlfriend in the company of four men and another girl. An argument began between the appellant and his girlfriend about the girlfriend's presence in the bar. Several of the men also became involved in the argument. The appellant then pulled his girlfriend outside and the four men followed. The appellant wanted his girlfriend to leave with him but she refused. There is conflict in the record concerning what happened outside the barroom. The prosecution's evidence established appellant started a fight and, without any provocation, fatally stabbed one of the four men. The appellant's version was that he only acted in self-defense when the four men confronted him outside the bar and one of the men approached with a leather belt wrapped about his hand.

"It is well-settled law that on appeal, we must accept as true all of the [prosecution's] evidence upon which, if believed, the jury could have properly based its verdict and that such triers of fact can believe all, part or none of the evidence presented." *Commonwealth v. Petrisko,* 442 Pa. 575, 581, 275 A.2d 46, 50 (1971).

The evidence in this case, considered according to the *Petrisko* standard, was sufficient to prove the appellant's guilt beyond a reasonable doubt. *See Commonwealth v. Malone,* 444 Pa. 397, 281 A.2d 866 (1971).

Judgment of sentence affirmed.

Mr. Justice EAGEN, Mr. Justice O'BRIEN and Mr. Justice POMEROY concur in the result.