388 A.2d 683

**COMMONWEALTH of Pennsylvania**

**v.**

**Mary Belle FIRTH (Heininger), Appellant.**

Supreme Court of Pennsylvania.

Submitted May 22, 1978.

Decided July 14, 1978.

Thompson J. McCullough, Asst. Public Defender, for appellant.

John C. Uhler, Dist. Atty., Floyd P. Jones, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Mary Belle Firth, was convicted by a jury of murder of the third degree. Post-verdict motions were denied and appellant was sentenced to four to eight years' imprisonment. This direct appeal followed.

Appellant claims that the evidence was insufficient to sustain the conviction for murder of the third degree. We do not agree.

The facts are as follows. In late August, 1974, appellant discovered that she was pregnant. The alleged father, Bobby Nave, also the victim in this case, had told appellant he was a widower living with his sister. Appellant discovered, however, that he was married and living with his wife.

On September 7, 1974, appellant decided to confront Nave and his wife. Since she did not have a car, she went to Frank's Cafe in York, Pennsylvania to find a ride to Nave's house in New Freedom, Pennsylvania. While in the tavern, appellant drank four double shots of ginger brandy and two beers. She then was offered a ride to Lamotie's Cafe, which was next door to Nave's house. There she drank another beer and then bought a six pack of beer to take to the Nave's residence.

For the next two hours, appellant and the Naves drank the beer and some wine and argued. Appellant finally asked to be driven home. The trio left for appellant's home, stopping for a six pack of beer along the way. After arriving at appellant's house, the three went inside and continued their drinking.

At some time during the evening, appellant secured a rifle and was sitting with the gun on her lap. The victim's wife went upstairs to use the bathroom and upon returning downstairs saw her husband lying on a bed, writhing in pain. Mrs. Nave asked her husband what happened, and the victim

replied, "She [appellant] shot me." Mr. Nave died shortly thereafter. When police arrived, appellant told police that she shot the victim because she loved him.

In *Commonwealth v. Rose,* 463 Pa. 264, 267–68, 344 A.2d 824, 825–826 (1975), we stated:

> "The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. . . . Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. . . . The fact-finder is free to believe all, part, or none of the evidence. . . ."

■ Reviewing the evidence with this standard in mind, it is clear that the evidence is sufficient to sustain appellant's conviction.

■ Appellant claims that absent her statement, the evidence is insufficient. When determining sufficiency of the evidence, we must review "*all* of the Commonwealth's evidence introduced at trial . . . ." (Emphasis added.) *Commonwealth v. Chenet,* 473 Pa. 181, 183, 373 A.2d 1107, 1108 (1977). Appellant's claim is thus without merit.

■ Appellant next claims that the court erred in refusing to suppress her statement. She claims she was too intoxicated to understand her constitutional rights. The facts are as follows.

The police were called immediately after the shooting. Upon arrival, Detective Dean Leppo informed appellant of her constitutional rights. After so advising her, Detective Leppo asked appellant if she understood her rights. She replied, "Yes, I understand, but I only shot him because I

loved him." It is this statement that appellant believes should have been suppressed. We do not agree.

In *Commonwealth v. Goodwin,* 460 Pa. 516, 522–23, 333 A.2d 892, 895 (1975), we stated:

"The burden to prove a valid waiver by a preponderance of the evidence is upon the Commonwealth . . . and our responsibility upon review is to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings. . . . In making this determination, we are to consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." (Citations omitted.)

We further stated in *Commonwealth v. Jones,* 457 Pa. 423, 432–33, 322 A.2d 119, 125 (1974), "Intoxication is a factor to be considered, but it is not sufficient, in and of itself to render a confession involuntary." "The test is whether there was sufficient mental capacity for the defendant to know what he was saying and to have voluntarily intended to say it." *Commonwealth v. Culberson,* 467 Pa. 424–28, 358 A.2d 416, 417 (1976).

At the suppression hearing, various police officers testified that while appellant had been drinking, she was not so intoxicated as to not understand what was going on. Even three defense witnesses testified that appellant was responsive to police questioning. The officers further testified that appellant was warned of her constitutional rights, which she waived. Under these circumstances, the court did not err in refusing to suppress her statement.[1]

Appellant next claims the court erred in refusing her motion for a mistrial. The facts are as follows.

At trial, Officer Ronald McClain testified that appellant told him that she loaded the gun immediately before

---

1. The question of voluntariness was raised at trial and submitted to the jury.

firing. Other officers had testified, and the transcript of the questioning revealed, that appellant had said she didn't know the gun was loaded. The prosecutor immediately asked Officer McClain to check his notes because of the discrepancy. Appellant moved for a mistrial. The trial court refused the motion, but twice instructed the jury to disregard that portion of McClain's testimony which was erroneous. McClain himself admitted that this portion of the testimony was incorrect.

The granting of a mistrial is within the sound discretion of the trial court. In *Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 674 (1973), this court quoted from *Commonwealth v. Phillips,* 183 Pa.Super. 377, 382, 132 A.2d 733, 736 (1957), and stated:

> " '. . . A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.' " (Emphasis added by this Court in *Goosby,* supra.)

In light of the court's curative instruction and the witness' admission of error, we believe appellant suffered no prejudice and was not entitled to a mistrial.

■ Appellant finally complains that the trial court erred in refusing her requested points for charge on intoxication. However, when discussing appellant's exceptions to the charge, the following occurred:

"THE COURT:

"With regard to point # 1, denied. With regard to Point # 2 having to do with the matter of intoxication as a complete defense, that is denied. With regard to a third charge with regard to intoxication, I believe I have covered that in my charge sufficiently.

"MR. VAUGHN [Defense counsel]:

"I agree with that."

Appellant thus has waived any claim that the court erred in its intoxication charge as relates to voluntary manslaughter.

Judgment of sentence affirmed.