560 A.2d 229

**COMMONWEALTH of Pennsylvania**

v.

**David Robert MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1989.

Decided June 13, 1989.

188

Anthony J. Martino, Bangor, for appellant.

William J. Parker, Assistant District Attorney, Honesdale, for Com., appellee.

Before BROSKY, McEWEN and OLSZEWSKI, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence following appellant's jury conviction for default in required appearance.

Appellant raises five issues: The first one challenges the admission at trial of evidence of voice identification without compliance with the discovery rule (Pa.R.Crim.P. 305 B). The second and third issues relate to the trial court's refusal to grant appellant's demurrer on the basis of failure to make an in-court identification of appellant and because the charge for which he stood trial was *de minimis*. Appellant's fourth contention concerns the denial of his Motion for a directed verdict of acquittal because the Commonwealth did not offer any evidence to rebut appellant's affirmative defense of mistake of fact. Finally, it is alleged that the trial court improperly instructed the jury that appellant could be found guilty of the crime charged if the evidence showed that he acted recklessly. We affirm.

The instant charge arises from appellant's failure to appear at a preliminary hearing on an underlying charge.

As his initial issue, appellant avers that he was not given access to evidence of voice identification in violation of Pa.R.Crim.P. 305 B(1), the mandatory discovery rule. On this basis, he charges, the trial court erred in permitting the Commonwealth to introduce evidence of his voice identification via the testimony of Trooper Todd, the prosecuting

190 

State Police Trooper, or, alternatively, that his counsel should have been given the opportunity to prepare to respond to this evidence.

 During direct examination of Trooper Todd, counsel for appellant protested the Trooper's affirmative response to the query, "Would you know his [appellant's] voice if you heard it?" N.T., 1-21-88, 22. Counsel for appellant took the position that because the item which he requested—the results of any identification of appellant by voice—is considered mandatory discovery material (see Pa. R.Crim.P. 305 B(1)(d)), it should have been automatically provided to him by the Commonwealth. We disagree. It is clear from the wording of Pa.R.Crim.P. 305 B(1) that a defendant must *first request* the item(s) of information deemed mandatory under the Rule. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Counsel conceded that he had received a host of discovery material from appellant's prior counsel pursuant to the conduct of informal discovery between prior counsel and the District Attorney. *See* Pa.R.Crim.P. 305 A. Hence, present counsel was aware that noticeably absent from among the discovery materials obtained pursuant to informal discovery was this alleged result of voice identification.

Appellant's trial counsel made no informal request to the District Attorney for this information as provided by Pa.R. Crim.P. 305 A, nor did counsel file a Motion with the court pursuant to the Rule demanding this item of information. Appellant's concern over the absence of the voice identification material first surfaced at trial during direct examination of Trooper Todd despite trial counsel having entered his appearance on behalf of appellant in excess of two months before the commencement of trial. The Commonwealth stated at trial that it had given prior counsel material which was contained in its files. As stated above, appellant's counsel admitted that he had received discovery material from former counsel as a result of informal discovery procedures.

The following exchange ensued between the court and appellant's counsel with regard to the latter's complaint of the allegedly missing voice identification material:

THE COURT: I am sure if you had formal discovery and asked for it, I am sure you would have gotten it. *You simply haven't asked for it in informal discovery* and it wasn't there. Is it their duty on the Commonwealth's part to supply it? *Obviously, you anticipated this to be a problem.*

So, do you have a case for me? An authority?

MR. MARTINO: Offhand, I don't, Your Honor.

THE COURT: Your motion is denied.

*Id.;* emphasis supplied. Appellant's counsel failed to supply the trial court with authority to support his argument that the mandatory nature of the information automatically required its disclosure or notice of its non-existence by the Commonwealth without either an informal request or by the filing of a formal motion. His appellate Brief is similarly deficient, and, consequently, the issue merits no further discussion.

The next three issues attack the legal sufficiency of the evidence adduced against appellant.

■ The first of these raises the sufficiency of the evidence in the context of the trial court's failure to grant a demurrer on the basis of an in-court identification. Appellant elected to put in a defense when his Motion for a demurrer was denied after the close of the Commonwealth's case. It is true that when a defendant chooses to put in a defense after the denial of a demurrer instead of resting his case, the correctness of this ruling is no longer an available issue on appeal. *Commonwealth v. Ilgenfritz,* 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Watson,* 355 Pa.Super. 160, 512 A.2d 1261 (1986), *appeal denied,* 515 Pa. 579, 527 A.2d 540 (1987); *Commonwealth v. Hammock,* 319 Pa.Super. 497, 466 A.2d 653 (1983). However, it is equally the case that this challenge may be considered by an appellate court as an attack upon the sufficiency of the evidence as a whole. *Commonwealth v. Olds,* 322 Pa.Su-

per. 442, 469 A.2d 1072 (1983). We will therefore address the issue as an attack upon the sufficiency of the evidence adduced for the charge of default in required appearance.

The portion of the statute defining the offense of default in required appearance applicable to appellant reads:

§ 5124. Default in required appearance

(a) Offense defined.—A person set at liberty by court order, with or without bail, upon condition that he will subsequently appear at a specified time and place, commits a misdemeanor of the second degree if, without lawful excuse, he fails to appear at that time and place....

According to the above, the Commonwealth would only have to prove that appellant failed to appear at the scheduled preliminary hearing on the underlying criminal charge. *Commonwealth v. Winkleman*, 11 D. & C.3d 53 (Clinton Co.1979). The Commonwealth was able to meet its burden of proof in this case through its witness, Trooper Todd.

Trooper Todd, the prosecuting State Trooper, indicated that he received a telephone call from appellant on the date of the preliminary hearing on the underlying charge. When asked if he was familiar with appellant's voice and had recognized it, he responded affirmatively. The issue raised here—the inadequacy of the voice identification—was never pursued on cross-examination. In his testimony, appellant denied that he had made the telephone call to Trooper Todd.

It is well-settled that a witness may make an identification by voice, alone. *Commonwealth v. Reid*, 448 Pa. 288, 292 A.2d 297 (1972); *Commonwealth v. Woodbury*, 329 Pa.Super. 34, 477 A.2d 890 (1984); *Commonwealth v. Lane*, 245 Pa.Super. 146, 369 A.2d 335 (1976); *Commonwealth v. Johnson*, 201 Pa.Super. 448, 193 A.2d 833 (1963). Moreover, voice identification testimony goes to evidentiary weight rather than to sufficiency and is for the trier of fact to assess. *Commonwealth v. Woodbury, supra.* It is obvious that the factfinder, here the jury, chose to believe the Trooper's version rather than that rendered by appellant. Thus, on this basis, alone, we would find the evidence

sufficient to support appellant's conviction of the instant charge.

The relevant arguments to appellant's third and fourth issues appear to have been transposed in appellant's Brief to this court. Appellant's third allegation of error, raised once again in the context of a demurrer, sets forth, without supporting authority, four reasons why the demurrer should have been granted because of the alleged *de minimis* nature of the charge. Each of the reasons which appellant proffers is allegedly based on Trooper Todd's testimony.[1]

■ The first is that the victim (on the underlying charge) was not willing to testify and that Trooper Todd knew this on the day of the hearing. The second reason advanced is that no harm was suffered by anyone because of appellant's failure to appear. Thirdly, the underlying charge was not refiled until over one year after the originally scheduled preliminary hearing. Lastly, appellant indicated his belief that he would not have to appear. It is true that Trooper Todd testified that the witness was unwilling to appear against appellant. Trooper Todd also testified at trial as to the telephone conversation between himself and appellant as to the latter's statement that he would not be appearing at the preliminary hearing because the victim had allegedly dropped or would be dropping the underlying charge. However, Trooper Todd informed appellant that the latter was still required to appear at the preliminary hearing because the victim, herself, could not cause the charge to be dismissed since the Trooper had initially filed the complaint.

In like manner, the record at trial relates that the underlying charge was not refiled until one year after the preliminary hearing because the State Police were attempting to locate appellant during this period of time.

1. We have already deemed the evidence sufficient on the basis of the voice identification by Trooper Todd. It would seem unnecessary then, to discuss the merits of this issue, as well, especially since it is raised in the context of a demurrer. However, the issue lacks merit, in any event, and we are able to dispose of it briefly.

Appellant also asserts that Trooper Todd testified that no one was harmed because of appellant's failure to appear for his preliminary hearing on the underlying charge. Upon review of the record, we find that appellant has mischaracterized the Trooper's testimony. Trooper Todd never testified in the fashion alleged by appellant. Rather, the testimony evinces the following exchange between appellant's counsel and the Trooper:

Q. In your mind was anyone harmed or any injuries sustained by the defendant not appearing on August 27, 1986?

A. No.

N.T. 1–21–88, 35. As noted by the Commonwealth, this response is different from the affirmative declaration attributed to the Trooper by appellant and does not support the argument that the instant violation was *de minimis.*

Section 5124, the provision of the Crimes Code defining default in required appearance, appears as part of Chapter 51 thereof which is entitled "Obstructing Governmental Operations." So, while assuming for the sake of argument that the victim was not harmed by the non-appearance of appellant at the scheduled preliminary hearing, it does not follow that no harm was done at all by appellant's non-appearance for his preliminary hearing at the Office of the District Justice.

According to the terms of the statute, appellant was a person set at liberty by the District Justice upon the condition that he subsequently appear for his preliminary hearing on the underlying charge. Appellant failed to appear for his preliminary hearing and did not have a lawful excuse therefor. Informing the prosecuting officer that he would not appear because the victim allegedly had dropped or would be dropping the underlying charge is not a lawful excuse for non-appearance. Rather, it constitutes an obstruction of the operation of the criminal justice system. This is all that the Commonwealth had to and did prove to the satisfaction of the trier. By far, this offense does not meet the standards of a *de minimis* infraction. Appellant's

conduct was not licensed or of the type tolerated by custom, no extenuating circumstances appear to excuse the conduct and, as we have discussed above, it caused the harm sought to be prevented by the default statute.

■ In the last of his trilogy of sufficiency claims, appellant states that his Motion for a directed verdict at the close of all the evidence should have been granted because the Commonwealth failed to rebut his affirmative defense of mistake of fact. As we have discussed previously, it was Trooper Todd's testimony that appellant had called to inform the Trooper that he would not be present because the victim had dropped or would be dropping the underlying charge. It was also Trooper Todd's testimony that his response to appellant was that appellant must appear at the scheduled preliminary hearing and that only he [the Trooper], not the victim, could drop any charges. Appellant was, therefore, on notice to appear. While appellant denied having had this telephone conversation with Trooper Todd, the jury found otherwise. Since no basis exists upon which appellant could have been factually mistaken about his obligation to appear at the preliminary hearing, the Commonwealth was not bound to rebut a nonexistent defense.

■ Appellant's final contention charges the trial court with error in instructing the jury that it must find appellant to have acted recklessly in order to establish his guilt on the instant charge. Appellant argues that the element of recklessness is irrelevant to a charge of default in required appearance since one could not recklessly fail to appear when no risk to person or property exists.

Section 302 of the Crimes Code, 18 Pa.C.S.A. § 302, defines the requirements for the various types of culpable conduct. Section 302(b)(3) states that recklessness involves a conscious disregard of "a substantial and unjustifiable risk that the material element [of the offense] exists or will result from his [the actor's] conduct." In failing to appear for his preliminary hearing, appellant consciously disregarded the substantial and unjustifiable risk that he would be obstructing a governmental operation—the criminal justice

system—by his non-appearance. Appellant knew, from his telephone conversation with Trooper Todd, that he was required to appear at the Office of the District Justice for a preliminary hearing. Despite this warning, he chose to ignore it, taking the aforesaid substantial and unjustifiable risk that criminal proceedings would be initiated against him for failing to appear. Therefore, the charge was proper.

Moreover, the court restated or clarified the now objected-to portion of the charge at counsel's request. After doing so, the court then queried appellant's counsel, "All right?" Appellant's counsel responded, "Thank you, Your Honor." N.T. 77. Counsel for appellant never excepted to the charge as reread, nor did he request any further relief from the court, even though the court's query following the rereading of the questioned portion of the charge would appear to have invited further comments, suggestions or corrections. Counsel, however, was in apparent agreement with the court's instructions as reread. This type of action (or inaction) on the part of counsel has been held to preclude appellate review of the claimed error. *Commonwealth v. Firth*, 479 Pa. 333, 388 A.2d 683 (1978); *Commonwealth v. Raison*, 458 Pa. 378, 326 A.2d 284 (1974); *Commonwealth v. Lloyd*, 376 Pa.Super. 188, 545 A.2d 890 (1988); *Commonwealth v. Hodge*, 270 Pa.Super. 232, 411 A.2d 503 (1979); *Commonwealth v. Butch*, 257 Pa.Super. 242, 390 A.2d 803 (1978); Pa.R.Crim.P. 1119(b). However, as noted from our discussion, this issue lacks considered merit in any event.

Judgment of sentence affirmed.

McEWEN, J. files a dissenting statement:

McEWEN, Judge, dissenting statement:

While I am ever so hesitant to differ with such distinguished colleagues as compose the majority, I am compelled to dissent for the reason that the record in my view requires that the judgment of sentence be vacated and appellant discharged.