**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Albert Leroy LONG, Appellant.**

Superior Court of Pennsylvania.

Submitted March 27, 2000.
Filed May 11, 2000.

274 ■

Arnold Y. Steinberg, Pittsburgh, for appellant.

Karen Edwards, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ORIE MELVIN, J., CERCONE, President Judge Emeritus, and CIRILLO, President Judge Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 Appellant, Albert Leroy Long, appeals from the judgment of sentence imposed after his conviction for driving under the influence of alcohol, driving a motor vehicle with a suspended or revoked license and careless driving.[1]  After careful

1.  75 Pa.C.S.A. §§ 3731(a)(1) & (a)(4), 1543(a)

review we vacate and remand for further proceedings.

¶ 2 At 2:15 a.m. on June 18, 1998, Officer Patrick Zilles of the Findlay Township Police Department observed Appellant's truck proceeding along Moon Clinton Road in Findlay Township.  N.T. Trial, 3/10/99, at 35.  Moon Clinton Road is a two-lane secondary road.  *Id.* at 36.  When the officer first saw Appellant's vehicle it was travelling towards him in the opposite lane of travel.  *Id.* at 35–36.  After Appellant's car passed the officer's vehicle, the officer made a U-turn and proceeded to begin to follow Appellant's vehicle because, in the officer's stated opinion, the vehicle was travelling very slowly.  *Id.* at 35.  It was the testimony of the officer at trial, that while he was following the Appellant's car he believed that the car was travelling in a "serpentine manner" within its lane.  However, the officer also acknowledged that the vehicle did not cross the berm line or the double yellow lines but remained within its lane of travel.  *Id.* at 36.  The officer also testified that he estimated Appellant's vehicle was travelling approximately twenty-five miles per hour or ten (10) miles per hour under the posted speed limit of thirty-five miles per hour.  *Id.* at 35–36.  However, on cross-examination the officer admitted that he did not know the exact speed of Appellant's vehicle since he did not measure it.  *Id.* at 67.  After following the vehicle for a mile and a half, the officer elected to effectuate a traffic stop.  *Id.* at 37–38.

¶ 3 After he stopped the Appellant's vehicle, the officer testified that he noticed that the Appellant's eyes were bloodshot and glassy, his face was flushed and that he had strong "minty" odor emanating from his person and breath.  *Id.* at 40.  He further noticed that Appellant "clumsily" provided his license and registration papers.  *Id.* at 39–40.  As a result, the officer requested that Appellant submit to a field sobriety test and Appellant complied.  In the officer's opinion, Appellant

& (b) and 3714, respectively.

failed the field sobriety test so he therefore transported Appellant to a local hospital for blood testing. A sample of Appellant's blood was drawn at 3:35 a.m. *Id.* at 55. A subsequent test on the blood sample yielded a blood alcohol reading of .28. *Id.* at 56.

¶ 4 Appellant was arrested and charged with the aforementioned offenses. Prior to trial, Appellant's privately retained attorney filed an omnibus pretrial suppression motion. This motion challenged the legality of the Appellant's consent to having his blood drawn.

¶ 5 A suppression hearing was held on March 9, 1999 before the Trial Judge who later presided over Appellant's jury trial. The only issue that was considered at this suppression hearing was the validity of Appellant's consent to the blood test. At the conclusion of this hearing, the learned judge denied Appellant's motion to suppress. Appellant was then ordered to proceed to jury trial, which was set to begin later that day. However, prior to the start of Appellant's jury trial, the Commonwealth disclosed to Appellant's counsel the existence of a videotape taken from the inside of Officer Zilles' police cruiser on the night of Appellant's arrest.

¶ 6 Officer Zilles' police cruiser was equipped with a video camera to record all events during the time that the cruiser was being operated. *Id.* at 41. Consequently, this camera recorded the entirety of Officer Zilles' traffic stop of Appellant's vehicle on a conventional VHS videotape. The videotape showed every moment from Officer Zilles first encounter with Appellant's vehicle through his subsequent tailing of Appellant's vehicle to the ultimate stop of the vehicle. *Id.* at 41–44. The tape also showed Officer Zilles administering the field sobriety test to the Appellant. *Id.* at 51–53.

¶ 7 Appellant's counsel apparently first viewed this videotape in the District Attorney's Office immediately prior to the commencement of Appellant's trial. *Id.* at 112–116. The District Attorney was ostensibly not provided with the tape by the police until this time. Due to the manner in which the tape was made, when the tape was played for Appellant's counsel the events on the tape were shown at a speed which was faster than normal speed. *Id.* at 115. After viewing the tape, Appellant's counsel did not at that time file a supplemental suppression motion or seek leave of the Trial Court to amend his prior suppression motion. Appellant's jury trial commenced immediately thereafter. The videotape was played at trial for the jury at normal speed. *Id.* at 41–52.

¶ 8 At the conclusion of the Commonwealth's case, Appellant's counsel orally moved to suppress the evidence obtained in the traffic stop. *Id.* at 112–116. Based on the contents of the videotape, Appellant argued to the Trial Court that the officer did not have probable cause to stop Appellant's vehicle. The Commonwealth objected contending that the motion was untimely and should have been made at the time of the suppression proceedings. The Trial Court inquired of Appellant's counsel as to why he did not make a motion to suppress prior to the commencement of the trial. *Id.* at 114. Appellant's counsel responded that he only had the opportunity to watch the tape in its accelerated state in the District Attorney's Office before trial and thus had only seen it played at normal speed for the first time at trial. *Id.* at 115. The Trial Court thereupon declined Appellant's invitation to view the videotape and rule on his suppression motion, after which it adjourned for the day.

¶ 9 However, for reasons not of record, the Trial Court elected to view the tape prior to the resumption of the trial the following day. N.T., 3/10/99, at 119. After the Court reviewed the tape, the Appellant again requested that the tape be moved into evidence and renewed his oral request that the evidence obtained as a result of the stop of Appellant's vehicle be suppressed. The Trial Court moved the videotape into evidence and also denied Ap-

pellant's oral suppression request. This ruling was made without comment. *Id.* at 120.

¶ 10 Thereafter, the jury convicted Appellant on the driving under the influence charges. Following the jury's rendering of its verdict, the Trial Court, in a bench trial, convicted Appellant of the summary offenses of driving while his license was under suspension and careless driving. Appellant filed post-sentence motions, which were denied. Appellant was sentenced to two (2) to four (4) years imprisonment on the driving under the influence charges and a term of 90 days concurrent incarceration on the charge of driving while under license suspension. The Trial Court imposed no further penalty on the conviction for careless driving. This timely appeal followed.

¶ 11 Appellant presents three issues for our consideration:

    1. The Trial Court erred in its failure to properly act regarding the withholding of potentially exculpatory evidence by the prosecution from the defense. A Judgment of Acquittal should have been entered.

    2. The Trial Court erred in its failure to Grant the Appellant's Motion for Judgment of Acquittal at the close of the Commonwealth's case and at the close of the case as a whole.

    3. The Trial Court erred in its failure to dismiss this case on the basis that the police officer lacked probable cause to stop the Appellant.

Appellant's Brief at 3.

¶ 12 With respect to his first issue, Appellant argues that the prosecution committed misconduct by failing to advise him of the existence of the videotape until immediately before the commencement of his trial. Appellant avers that this failure of the Commonwealth to disclose the videotape prejudiced his right to a fair trial, thus he is entitled to reversal of his conviction. We cannot agree.

¶ 13 As our Supreme Court has noted: "questions involving discovery in criminal cases lie within the discretion of the trial court and that court's decision will not be reversed unless such discretion was abused." *Commonwealth v. Rucci,* 543 Pa. 261, 283, 670 A.2d 1129, 1140 (1996), *cert denied* 520 U.S. 1121, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Hess,* 745 A.2d 29, 31 (Pa.Super.2000).

¶ 14 Our Supreme Court has emphasized: "The purpose of our discovery rules is to permit the parties in criminal matters to be prepared for trial; trial by ambush is contrary to the spirit and letter of those rules and will not be condoned." *Commonwealth v. Appel,* 547 Pa. 171, 204, 689 A.2d 891, 907 (1997); *Commonwealth v. Moose,* 529 Pa. 218, 235, 602 A.2d 1265, 1274 (1992). Our Court has also recognized that, "generally, the purpose of discovery is to accord a defendant the opportunity to discover evidence which he did not know existed, as well as to seek possession of evidence of which he was aware." *Commonwealth v. Fox,* 422 Pa.Super. 224, 619 A.2d 327, 334 (1993), *appeal denied* 535 Pa. 659, 634 A.2d 222 (1993) (internal quotation omitted). Consequently, "the Commonwealth should exercise the utmost good faith to disclose to defendant all material evidence in its possession when faced with a mandatory discovery request." *Commonwealth v. Schwartz,* 419 Pa.Super. 251, 615 A.2d 350, 358 (1992), *appeal denied* 535 Pa. 617, 629 A.2d 1379 (1993) quoting *Commonwealth v. Thiel,* 323 Pa.Super. 92, 470 A.2d 145 (1983).

¶ 15 Pennsylvania Rule of Criminal Procedure 305(B) governs mandatory disclosure of material evidence by the Commonwealth to a defendant in a criminal

proceeding. It provides as follows in relevant part:

(B) Disclosure by the Commonwealth.

(1) Mandatory. In all court cases, on **request by the defendant**, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case.

\* \* \*

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence Pa.R.Crim.P. 305(B)(1)(f) (emphasis supplied).

■ ¶ 16 Thus, by the express terms of this rule, in order for the Commonwealth's mandatory duty to disclose material evidence to be triggered there is a corresponding requirement that a request for disclosure of discoverable items must first have been made by the defendant to the Commonwealth. *See Commonwealth v. Miller*, 385 Pa.Super. 186, 560 A.2d 229, 231 (1989) (mandatory discovery material need not be automatically disclosed by the Commonwealth under 305(B)(1) absent a request by the defendant). Pennsylvania Rule of Criminal Procedure 305(A) specifies the manner in which such a request may be made. It states:

(A) INFORMAL

Before any disclosure or discovery can be sought under these rules by either party, counsel for the parties shall make a good faith effort to resolve all questions of discovery, and to provide information required or requested under these rules as to which there is no dis-

pute. When there are items requested by one party which the other party has refused to disclose, the demanding party may make appropriate motion to the court. Such motion shall be made within 14 days after arraignment, unless the time for filing is extended by the court. In such motion the party must set forth the fact that a good faith effort to discuss the requested material has taken place and proved unsuccessful. Nothing in this provision shall delay the disclosure of any items agreed upon by the parties pending resolution of any motion for discovery.

■ ¶ 17 We see no evidence of record that counsel for Appellant ever made a formal or informal discovery request of the Commonwealth prior to trial. Appellant does not discuss in his brief the nature of any discovery request which he made of the Commonwealth, and the certified record in this matter shows that Appellant never filed any written discovery motion after arraignment. Appellant merely avers that "the District Attorney should have investigated what evidence it had available to it, and, had it done that, Defense counsel would have known about the tape prior to filing of the Motion to Suppress." Appellant's Brief at 9. However as discussed, *supra*, the duty was not on the Commonwealth to scour its files for potentially discoverable material, but rather the duty rested with the Appellant under Pa. R.Crim.P. 305(b) to request items of information which he deemed necessary to prepare his defense. *Miller, supra.*[2]

■ ¶ 18 Nevertheless, assuming arguendo that Appellant made an informal

---

2. Appellant has cited in his brief language from the case of *Commonwealth v. Burke*, 146 P.L.J. 597 (1998) as support for his argument that the duty to find discoverable evidence and disclose it to a defendant rests with the Commonwealth. However, we remind the Appellant that Common Pleas Court decisions, though certainly of immeasurable benefit to our Court, do not have binding precedential effect on our tribunal. *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203, 206,

n. 7 (1981). Also, as the Commonwealth points out, our Court subsequently vacated this decision, *See Commonwealth v. Burke*, 742 A.2d 200 (Pa.Super.1999) (unpublished memorandum), and the Supreme Court has granted allowance of appeal. *See Commonwealth v. Burke*, 2000 Pa.Lexis 392, —— Pa. ——, 751 A.2d 184, 2000 WL 193341 (2000). Thus the *Burke* case will have precedential effect and bind our Court only whenever the Supreme Court issues its final pronouncement.

request of the Commonwealth for all mandatory discovery materials pursuant to Pa. R.Crim.P. 305(a)(1), the Commonwealth did not engage in prosecutorial misconduct by disclosing the videotape to Appellant at the time the prosecutor received it from the police. In interpreting Rule 305, our Supreme Court has stated:

> Our cases uniformly hold that the prosecution does not violate discovery rules when it fails to provide the defense with evidence that it does not possess and of which it is unaware during pretrial discovery, as when the evidence is in police custody. *Commonwealth v. Colson*, 507 Pa. 440, 490 A.2d 811 (1985) cert. denied 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986); *Commonwealth v. Bonacurso*, 500 Pa. 247, 455 A.2d 1175 (1983) cert. denied 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983).

*Commonwealth v. Gribble*, 550 Pa. 62, 82, 703 A.2d 426, 436 (1997), *cert. denied* 525 U.S. 1005, 119 S.Ct. 519, 142 L.Ed.2d 430 (1998); *Accord Commonwealth v. Battiato*, 422 Pa.Super. 285, 619 A.2d 359, 365 (1993), *appeal denied* 535 Pa. 652, 634 A.2d 216 (1993). The Trial Court expressly found that "the attorney for the Commonwealth gained possession of the tape only shortly before trial. It was made available to the defendant to view before trial as soon as the assistant district attorney received it." Trial Court Opinion, filed 11/12/99 at 3.

¶ 19 Our independent review of the certified record supports the Trial Court's conclusion. Appellant does not cite any evidence, nor can we find any to suggest that the prosecutor was previously aware of the existence of the videotape. Quite to the contrary, the record reveals that the videotape was in police custody until the time of trial, and, as soon as the prosecutor became aware of the videotape, he acted promptly to inform counsel for Appellant of its existence and showed it to him. Clearly the prosecutor's prompt action was in compliance with his duty under

Rule of Criminal Procedure 305(D) to "promptly notify the opposing party or the court of ... additional evidence, [or] material ..." upon its receipt. Pa.R.Crim.P. 305(D). Under these circumstances the Trial Court did not abuse its discretion in declining to impose sanctions on the Commonwealth or barring use of the videotape by the Commonwealth at trial. *See e.g. Commonwealth v. Starks*, 304 Pa.Super. 527, 450 A.2d 1363, 1364 (1982) (trial court did not err in permitting introduction at trial tape recorded statement of witness to shooting which was not previously disclosed to defendant during discovery, since Commonwealth was not advised by police that tape recording was made until after trial began and Commonwealth immediately advised defense counsel of tape's existence and made it available); *Commonwealth v. Rakes*, 398 Pa.Super. 440, 581 A.2d 212 (1990), *appeal denied* 527 Pa. 599, 589 A.2d 690 (1991) (Commonwealth did not violate Pa.R.Crim.P. 305(B)(1)(f) when it introduced letter written by molestation victim at trial since prosecutor did not have possession of letter at time defendant's pretrial discovery request was made and prosecutor immediately informed defense counsel of the existence of the letter as soon as he received it); *Commonwealth v. Boring*, 453 Pa.Super. 600, 684 A.2d 561 (1996), *appeal denied*, 547 Pa. 723, 689 A.2d 230 (1997) (Commonwealth did not violate discovery rules when it immediately turned over defendant's inculpatory statements to defense counsel which were in the possession of police officer and which were not received by the Commonwealth until the eve of trial).

■ ¶ 20 Appellant's second issue as set forth in the section of his brief entitled "Statement of Questions Involved" concerns a challenge to the trial court's decision not to grant his requested judgment of acquittal either at the close of the Commonwealth's case or at the conclusion of trial. However, Appellant has failed to develop any argument with respect to this

issue in his brief. Thus we are constrained to deem this issue waived.

¶ 21 As we have said in a prior case:

The argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citation to relevant authority. When the appellant fails to adequately develop his argument, meaningful appellate review is not possible. This Court will not act as new counsel.

*Commonwealth v. Genovese*, 450 Pa.Super. 105, 675 A.2d 331, 334 (1996) (citing Pa. R.A.P. 2119(a)); *Accord Commonwealth v. Luktisch*, 451 Pa.Super. 500, 680 A.2d 877, 879 n. 1 (1996); *Commonwealth v. Zewe*, 444 Pa.Super. 17, 663 A.2d 195, 199 (1995), *appeal denied*, 544 Pa. 629, 675 A.2d 1248 (1996).

¶ 22 Appellant finally argues that the evidence obtained from the traffic stop should have been suppressed since the officer did not have probable cause to stop his vehicle. However, we cannot at this time fully address the merits of this issue due to the procedural circumstances surrounding the manner in which the Trial Court elected to consider Appellant's suppression claim. We must therefore remand for further proceedings.

¶ 23 Motions to suppress evidence are governed by Rule 323 of the Pennsylvania Rues of Criminal Procedure which provides in relevant parts:

(a) The defendant or his attorney may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

(b) **Unless the opportunity did not previously exist, or the interests of justice otherwise require**, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 306. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

Pa.R.Crim.P. 323(a) & (b) (emphasis supplied).

¶ 24 It is therefore quite clear that under the imperative language of this rule, a motion to suppress evidence must be made pretrial, unless "the opportunity did not previously exist, or the interests of justice otherwise require." *Commonwealth v. Barnyak*, 432 Pa.Super. 483, 639 A.2d 40, 45 (1994), *appeal denied*, 539 Pa. 674, 652 A.2d 1319 (1994), *cert. denied*, 515 U.S. 1130, 115 S.Ct. 2554, 132 L.Ed.2d 808 (1995). "Whether the opportunity did not previously exist or the interests of justice otherwise require is a matter for the discretion of the trial judge." *Commonwealth v. Cooke*, 260 Pa.Super. 528, 394 A.2d 1271, 1274 (1978); *Accord Commonwealth v. Meischke*, 273 Pa.Super. 134, 416 A.2d 1126, 1127 (1979).

¶ 25 What is being sought to be suppressed by Appellant is not the contents of the after-discovered tape but rather the evidence obtained as a result of the traffic stop itself. Our review of the instant proceedings indicates that the Appellant had at least some basis to raise the issue of the legality of the traffic stop in his pretrial motion. Appellant was aware of the officer's proffered reasons for stopping him, namely his supposed weaving within his lane of travel and driving ten miles per hour under the speed limit. These reasons were contained within the affidavit of probable cause executed by Officer Zilles in support of the criminal complaint he had filed against Appellant and recited by Appellant in his omnibus pretrial motion. *See* Omnibus Pretrial Motion, *supra*, and Affidavit of Probable Cause filed 6/23/98. Consequently, based on these facts, Appellant could have made at least a minimally arguable claim to suppress the evidence obtained from the traffic stop in his pretrial suppression motion, but he did not.

¶ 26 However, this factor alone does not mandate waiver of Appellant's suppression claim. Rule 323(b) is written in a disjunctive fashion and therefore per-

mits the Trial Court to also consider an untimely suppression motion "in the interests of justice." *Commonwealth v. Williams*, 229 Pa.Super. 390, 323 A.2d 862, 866 (1974). A trial judge should exercise discretion to hear an untimely oral suppression motion on this basis in such situations "where the merits of counsel's oral motion were so apparent that justice required it be heard." *Commonwealth v. Hubbard*, 472 Pa. 259, 273, 372 A.2d 687, 693 (1977) quoting *Williams, supra.*

■ ¶ 27 In order for a police officer to effectuate a traffic stop in Pennsylvania the officer must possess a reasonable and articulable suspicion of a vehicle code violation on the part of the vehicle operator. 75 Pa.C.S.A. § 6308(b); *Commonwealth v. Benton*, 440 Pa.Super. 441, 655 A.2d 1030 (1995). The videotape of the traffic stop of Appellant's vehicle, which we have carefully scrutinized, shows only that during the entirety of its journey Appellant's vehicle was proceeding in a seemingly normal fashion along the road. Importantly, the tape did not show the vehicle repeatedly or suddenly deviating from the center point of its lane of travel in any significant manner. Indeed, for the vast portion of the vehicle's journey, as recorded on the video camera, the vehicle remained almost perfectly centered within its lane of travel. At no time does this videotape show the wheels of Appellant's vehicle crossing or even touching the center yellow lines or white "fog" line on the right-hand side of the road. As such, it tends to refute the officer's recollected observation that the vehicle was weaving or travelling in a serpentine manner. Thus, the videotape provided Appellant's counsel a basis on which to challenge the officer's recorded recollection of the vehicle's mode of travel which counsel did not previously possess at the time for filing the omnibus pretrial motion.

¶ 28 Additionally, the videotape is consistent with the officer's trial testimony that Appellant's vehicle remained at all times within the roadway lines. N.T., *supra*, at 36, 68–69. The officer also conceded under cross-examination that Appellant's vehicle did not do anything unusual but "based on the time, which is two o'clock, which is a time we know the bars close, and at this point of the night, almost every night I am looking for D.U.I.'s." N.T., Trial, *supra*, at 68.

■ ¶ 29 It is plain then that the matters contained on the videotape, in conjunction with the officer's trial testimony, gave Appellant significant new grounds, which he did not have prior to trial, to contend that the traffic stop was improper due to the seeming lack of any reasonable and articulable suspicion by the officer that Appellant had committed a vehicle code violation. As a result, since both the videotape and the officer's testimony suggested that Appellant's suppression motion had apparent merit, the Trial Court was permitted to consider it at the time Appellant raised it, in the interests of justice, as allowed by Rule 323(b).[3]

¶ 30 We therefore conclude, on the basis of the record before it at that time, the Trial Court did not abuse its discretion by electing to consider Appellant's oral suppression motion, even though it was untimely. However, this does not end our analysis. Once the Trial Court elected to consider the oral motion, the Trial Court should have then conducted a full-scale suppression hearing. It was not proper for the Trial Court to summarily consider and rule upon Appellant's suppression motion without first conducting such a hearing.

¶ 31 Our Court was faced with a procedurally similar situation in *Commonwealth v. Micklos*, 448 Pa.Super. 560, 672 A.2d 796 (1996) (en banc), *appeal denied*, 546

---

3. We in no way wish to condone the practice of filing oral suppression motions. It is always preferable for defense counsel to file explicit pretrial discovery requests with the Commonwealth and to specifically reserve in his omnibus pretrial motion the right to file additional pretrial motions pending the receipt of discovery material.

Pa. 678, 686 A.2d 1309 (1996). In *Micklos*, the defendant's vehicle was observed by an ambulance crew to have swerved across the center line of the highway and almost hit another vehicle. The ambulance crew promptly radioed local police. A police officer caught up to the ambulance on the highway, whereupon the ambulance crew pointed out the defendant's vehicle. The officer then stopped the defendant's vehicle even though the officer did not personally observe any erratic driving on the part of the defendant. The defendant failed field sobriety tests and his blood alcohol level yielded a reading of .140. *Id.* at 798.

¶ 32 The defendant then proceeded to a non-jury trial. The defendant did not file a motion to suppress the evidence prior to the commencement of trial. However, at the close of testimony defendant made an oral motion to suppress the evidence obtained as a result of the traffic stop. The Commonwealth objected to the presentation of this suppression motion on the basis that it was untimely under Pa. R.Crim.P. 323. Nevertheless, the trial judge elected to rule on the motion. The trial judge did not conduct a hearing but instead considered the suppression issue on the basis of briefs submitted by both the Commonwealth and the defendant. After considering both parties' briefs the trial court ultimately concluded that the evidence should have been suppressed. The Commonwealth appealed and our Court reversed.

¶ 33 In reversing, what our Court said regarding the manner in which a trial court should consider an untimely oral suppression motion is quite applicable to the circumstances of the instant case. Specifically we stated that:

> A trial court, by excusing a party's failure to comply with the timing requirements of Rule 323(b), cannot thereby disregard the remaining rules governing suppression motions. Specifically, when a defendant files a motion to suppress, the trial judge is required to set a time for a hearing, either prior to or at trial "which shall afford the attorney for the Commonwealth a reasonable opportunity for investigation...." Pa. R.Crim.P. 323(e), 42 Pa.C.S.A. At that hearing, the Commonwealth bears the burden of going forward and establishing that the challenged evidence was not obtained in violation of the defendant's rights. *Id.*, Rule 323(h).

> In this case, the trial judge presided not over a suppression hearing, but over a trial. At that trial, the Commonwealth sought to present sufficient evidence to satisfy the elements of the crimes charged. At a suppression hearing, however, the Commonwealth would seek to present sufficient evidence to establish that the officer, at the time of the stop, had reasonable and articulable grounds to suspect a violation of the Vehicle Code. 75 Pa.C.S.A. 6308(b)[.]

> \* \* \*

> The trial court was incapable of properly ruling on the suppression motion absent a suppression hearing. In so acting, the trial court abused its discretion.

*Id.* at 803–804.

¶ 34 Likewise in the case at bar the Trial Court did not conduct a full suppression hearing before ruling on Appellant's motion. The Trial Court simply viewed the videotape and denied the motion. The Trial Court made no on the record findings of fact or conclusions of law at the time he viewed the videotape and ruled on Appellant's oral motion to suppress. The findings of fact contained in the Trial Court's opinion with respect to the suppression motion refer only to the officer's testimony at trial and do not address the matters seen on the videotape. As a result of the incomplete record on this issue, it would be improper for this tribunal to rule on the merits of Appellant's suppression issue at this time. This is particularly so since the Commonwealth did not have the opportunity to present evidence at a formal hearing to prove by a preponderance of the

evidence that the stop of Appellant's vehicle was lawful.

¶ 35 Thus, in the interests of justice and fundamental fairness to all parties, we will vacate the judgment of sentence and remand this case to the Trial Court so that it may conduct a full suppression hearing restricted to the issue of whether Officer Zilles' stop of Appellant's vehicle was lawful. At the conclusion of this hearing, the Trial Court shall then make specific findings of fact and conclusions of law which it shall set forth in an opinion.

¶ 36 If the Trial Court concludes that the stop of Appellant's vehicle was lawful, it shall reimpose its original judgment of sentence. However, if the Trial Court concludes, based on all the evidence presented to it in the suppression hearing, that the traffic stop was unlawful then it shall enter an order granting Appellant a new trial absent evidence obtained from the traffic stop. The aggrieved party shall then have the right to further appellate review.

¶ 37 Judgment of Sentence vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.