J. S50008/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| OBATAIYE KAREE SCOTT, JR., | : | No. 1595 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 27, 2013,
in the Court of Common Pleas of Fayette County
Criminal Division at Nos. 454 OF 2013, CP-26-CR-0000454-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 14, 2014**

This is an appeal from the judgment of sentence entered on September 27, 2013, in the Court of Common Pleas of Fayette County. Following a jury trial, appellant was convicted of burglary, theft by unlawful taking, and criminal mischief.  Appellant was sentenced on the burglary conviction to three to six years' incarceration.  No further penalty was imposed on the remaining convictions.  We affirm.

We adopt the facts as recounted by the trial court:

> On October 16, 2012, the victim, Tiffany Woods, was residing with her 7-year-old daughter in a two story home at 63 Steel Street, Republic, Fayette County, Pennsylvania.  On October 16, 2012, after completing her shift at Teletech, her place of employment in Uniontown, Pa., Tiffany picked up her daughter at her sister's residence and returned to the home at 63 Steel Street, Republic.  Following the evening meal[,] she

watched TV, got her daughter ready for bed and retired for the night to her second floor bedroom at approximately 11:15 P.M. (N.T. 10, 11)

The following morning, October 17, 2012, Tiffany awoke before 6:30 A.M. to get ready for work. When she descended the stairs from the second floor, she saw that her dining room, living room and kitchen lights were turned on when she had turned them off the night before. She also observed that drawers were open and that papers were strewn across the floor. She entered the kitchen and observed that her purses had been emptied out. She went back into the living room and discovered that two sets of car keys and house keys which she kept on a table were missing. Tiffany Woods then ran outside to see if her car had been stolen. Before reentering her home[,] she noticed that her garbage can was propped against the dining room window and the screen on the window had been cut. One set of keys to her house and car were on a smiley face keychain, and the other set were on a yellow Polo keychain which also contained her daughter's picture. (N.T. 11)

On October 17, 2012, around 3:00 A.M., Sergeant Norman Howard of the Redstone Township Police Department had occasion to enter a residence at 7 Johnson Street, Republic, Pa. The residence at 7 Johnson Street is located one street down from Steel Street and a distance of approximately 200 yards from Tiffany Woods' residence at 62 Steel Street, Republic. Upon entering the residence at 7 Johnson Street, Republic, Officer Howard observed the defendant and noticed that defendant had two sets of keys in his hand. Officer Howard observed the defendant throw the keys onto the floor in front of him. (N.T. 17, 18, 19) Howard retrieved the two sets of keys and entered them into evidence at the Redstone Township Police Station.

Following consultation with the Pennsylvania State Police officer who had investigated the burglary at 63 Steel Street, Officer Troy Rice of the Redstone

Township Police Department met with Tiffany Woods at the Redstone Township Police Station. Woods identified the two sets of keys as being the keys stolen from her house during the night of October 16-17, 2012. Officer Rice then observed as Tiffany Woods utilized the keys to start her white Sunfire vehicle. (N.T. 13, 18, 19, 24)

On October 30, 2012, the defendant met with Trooper Matthew Gavrish, a criminal investigator, with the Belle Vernon Barracks of the Pennsylvania State Police. Gavrish informed the defendant of his **Miranda** rights following which defendant waived his right to remain silent and provided Trooper Gavrish with a statement. (N.T. 30, 31) Defendant admitted to his involvement in the [b]urglary of Tiffany Woods' residence at 63 Steel Street, Republic. Defendant indicated that he stood on the road as a lookout while Amnie stood on a trash can. He heard him cutting something and then Amnie went through the window. According to the defendant[,] "all we got was two sets of car keys." Defendant stated that the police came to Robert Savage's house and took possession of the sets of keys. (N.T. 33)

Trial court opinion, 1/8/14 at 2-4.

On October 17, 2012, appellant was charged with burglary, theft by unlawful taking, receiving stolen property and criminal mischief.[1] A preliminary hearing took place on March 11, 2013, and all charges were bound over to the court of common pleas. Following a jury trial on September 4, 2013, appellant was found not guilty of receiving stolen

---

[1] 18 Pa.C.S.A. §§ 3502(A)(1), 3921(A), 3925(A) and 3304(A)(5), respectively.

property but guilty of the remaining charges. Sentencing occurred on September 27, 2013. This appeal followed.

Herein, appellant raises two issues:

> I. Whether the statement of the Appellant should have been suppressed since it was not entered into voluntarily, knowingly, and/or intelligently, since the Appellant was under duress with strong police influence and had been interrogated for over an hour by the police?
>
> II. Whether the Jury erred by finding the Appellant guilty of the crimes charged, specifically Burglary, Theft By Unlawful Taking, and Receiving Stolen Property?

Appellant's brief at 6.

Turning to appellant's first issue, the trial court advises appellant did not file a motion to suppress his statement in the present case. (**See** trial court opinion, 1/8/14 at 11.) According to the trial court:

> Defendant did file a motion to suppress his statement made to the police in a companion case filed at Fayette County Common Pleas Court No. 1983 of 2012. In the companion case[,] defendant was charged with Burglary and related offenses relative to the residence of Joshua A. Osborne located at 23 Rollie Street, Republic, Pennsylvania. The break[-]in at the Osborne residence occurred on October 10, 2012.
>
> In his Omnibus Pretrial Motion filed at 1983 of 2012, defendant sought suppression of his confessions contending that at the time [] the statement was made to the police[,] defendant was represented [by] Attorney Blaine Jones and that Attorney Jones was not contacted about the police's intent to question him.

> A hearing on the omnibus motion was held before the Honorable Nancy D. Vernon on September 10, 2013. ***Attorney Rodney Blaine Jones II was called and testified that he represented the defendant on only two cases involving victims, Robert Savage and Joshua Osborne, and only up to the completion of the preliminary hearing held October 29, 2012***. According to Attorney Jones, he made it clear to defendant and his mother that he was only representing him for those two cases until the preliminary hearing. He did not represent the defendant for any proceedings beyond the preliminary hearing. (O.P.T. 9-10-13, p. 4-5)
>
> Trooper Matthew Gavrish testified that he went to the Fayette County Jail on October 30, 2012, to interview the defendant. (O.P.T. 9-10-13, p. 14) Gavrish had been present at the preliminary hearing held October 29, 2012 and was aware that Attorney Jones' representation of the defendant had ceased with the completion of the preliminary hearing.

***Id.*** at 11-12 (emphasis added).

A motion to suppress evidence must be made pretrial, unless "the opportunity did not previously exist, or the interests of justice otherwise require." ***Commonwealth v. Long***, 753 A.2d 272, 279 (Pa.Super. 2000), quoting ***Commonwealth v. Barnyak***, 639 A.2d 40, 45 (Pa.Super. 1994), ***appeal denied***, 652 A.2d 1319 (Pa. 1994), ***cert. denied***, 515 U.S. 1130 (1995). Based on the record, a pretrial motion to suppress was not filed in the instant case involving Woods; hence, the issue is waived.

Even if this issue was not waived, there is no merit to appellant's argument. Appellant claims that the conduct of the police was so

manipulative and coercive that but for that conduct, he would not have confessed.  An individual under police suspicion may waive his ***Miranda***[2] rights and agree to answer the questions or make a statement. ***Commonwealth v. DeJesus***, 787 A.2d 394, 402 (Pa. 2001), ***cert. denied***, 537 U.S. 1028 (2002).  These rights, however, must be knowingly, voluntarily, and intelligently waived; that is, the waiver "must be the product of a free and deliberate choice rather than intimidation, coercion, or deception," and "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." ***Id.***

The voluntariness of a confession is determined by the totality of the circumstances.  ***Commonwealth v. Templin***, 795 A.2d 959, 964 (Pa. 2002).  Specifically, to determine whether the defendant's waiver was the product of undue coercion, we consider the totality of circumstances, giving special attention to the "duration and means of the interrogation; the physical and psychological state of the accused; the conditions attendant to the detention; the attitude of the interrogator; and any and all other factors that could drain a person's ability to withstand suggestion and coercion." ***Templin***, 795 A.2d at 966.  The question to determine voluntariness "is not whether the defendant would have confessed without interrogation, but whether the interrogation was so manipulative or coercive that it deprived

---

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

the defendant of his ability to make a free and unconstrained decision to confess." ***Id.***

According to Trooper Gavrish, he first made contact with appellant at 1:15 p.m. on October 30, 2012, and he read appellant his ***Miranda*** rights. (Notes of testimony, 9/4/13 at 30.) Appellant acknowledged the reading of his ***Miranda*** rights by signing the waiver form. (***Id.*** at 30-31.) Trooper Gavrish testified that he then talked to appellant, and at 2:25 p.m., he informed appellant that he was going to be recorded. (***Id.*** at 32.) Trooper Gavrish proceeded to give the ***Miranda*** warnings again to appellant. (***Id.***) Appellant once more acknowledged the ***Miranda*** warnings. (***Id.***) At that point, appellant described what took place on the evening Tiffany Woods' home was broken into. (***Id.*** at 32-33.) Trooper Gavrish testified that no promises or threats were made during appellant's interrogation at the Fayette County Prison. (***Id.*** at 35.)

Here, the fact that appellant was apprised of, and expressly waived, his ***Miranda*** rights before questioning began is a consideration of "primary importance" in our analysis of the voluntariness of both the verbal and written confessions.

We observe that:

> The fact that warnings were given is an important factor in the direction of a voluntariness finding. This fact is important in two respects. It bears on the coerciveness of the circumstances, for it reveals that the police were aware of the suspect's rights and presumably prepared to honor them. And . . . it

> bears upon the defendant's susceptibility, for it shows that the defendant was aware that he had a right not to talk to the police.

***Templin***, 795 A.2d at 966.

Despite appellant's argument that he did not confess of his own free will, based on this record, we do not find that the conditions or duration of the interrogation were so manipulative or coercive that appellant was deprived of his ability to make a "free and unconstrained decision to confess." ***See Commonwealth v. Taylor***, 431 A.2d 915, 918 (Pa. 1981) (actual period of interrogation lasting slightly more than one hour did not overwhelm defendant's will). We also note that the police were under no obligation to contact Attorney Jones when he no longer represented appellant.

In his second issue, appellant claims the evidence was insufficient to convict him of burglary, theft by unlawful taking, and criminal mischief.

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Duncan***, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Id.*** (quoting ***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005), ***appeal denied***, 585 Pa. 685, 887 A.2d 1239 (2005). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its

> burden by means of wholly circumstantial evidence. *Id.* Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id.* Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

*Commonwealth v. Yasipour*, 957 A.2d 734, 745 (Pa.Super. 2008), *appeal denied*, 980 A.2d 111 (Pa. 2009).

Appellant's sufficiency of the evidence argument fails to challenge any specific element of the crimes for which he was convicted. Instead, appellant's argument centers on his confession, and challenges a credibility determination made by the jury. Appellant contends that his confession should have been suppressed, and without it, the jury would have had reasonable doubt. (Appellant's brief at 14.) We have already concluded appellant voluntarily waived his *Miranda* rights and his confession was properly admitted. The testimony, along with appellant's statement, established his guilt beyond a reasonable doubt.

Additionally, appellant contends "that he was in another person's residence, and that person could have had those keys." (Appellant's brief at 15.) That argument goes to credibility, and the jury obviously chose to believe Officer Norman Howard who testified that he encountered appellant at 3:00 a.m. on October 17, 2012, inside a residence at 7 Johnson Street which was a couple hundred yards from Tiffany Woods' residence. (Notes of testimony, 9/4/13 at 17-20.) Officer Howard testified that appellant "had

two sets of keys in his hand." (*Id.* at 18.) When asked what appellant did with the keys, the officer responded, "he kind of threw it on the ground in front of him." (*Id.*) The officer was asked what happened next, and he responded, "[appellant] threw them on the floor, laid on top of them. After [appellant] got up off the ground[,] I took possession of the keys." (*Id.* at 22.) Those keys were later identified by Tiffany Woods as the keys taken from her residence. (*Id.* at 13.)

The failure to identify which element of an offense was not proven waives a sufficiency claim. *Commonwealth v. Manley*, 985 A.2d 256, 261-262 (Pa.Super. 2009), *appeal denied*, 996 A.2d 491 (Pa. 2010). Accordingly, appellant's argument that the evidence was insufficient is waived. Moreover, our review of this matter indicates the evidence was sufficient. Therefore, we will affirm appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014