J-S06004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUHAMMUD BINABDULRAHI HILL | |
| Appellant | No. 72 MDA 2015 |

Appeal from the Judgment of Sentence December 3, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000057-2014

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED MARCH 11, 2016**

Appellant, Muhammud Binabdulrahi Hill, appeals *pro se*[1] from the judgment of sentence entered after a jury convicted him of, among other charges, aggravated assault of a fellow prisoner at Mahanoy State Correctional Institute.  After careful review, we affirm.

The Commonwealth charged Hill with aggravated assault, simple assault, and harassment arising from an altercation with a fellow prisoner

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Hill had an irreconcilable conflict with his court appointed trial attorney and ultimately requested, on the record, to proceed *pro se* on appeal rather than continue with his trial attorney. ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. Super. 1988).

who was queued for a visit to the prison commissary. An attorney was appointed to represent Hill, and the case proceeded to trial.

At trial, the Commonwealth presented the testimony of, among others, the victim and an eyewitness prison guard, as well as a video tape of the assault. The jury convicted Hill on all three charges. The trial court found that the simple assault and harassment convictions merged with the aggravated assault conviction and sentenced Hill to 8½ to 17 years' incarceration, consecutive to any other sentence currently being served.

Hill subsequently filed, *pro se*, a motion for extraordinary relief, as well as a post-sentence motion. The trial court denied both motions. Hill then filed a motion for new appointed counsel, which the trial court also denied. This timely appeal followed. Trial counsel withdrew, and Hill stated, during a **Grazier** hearing, that he desired to proceed *pro se* rather than continue to be represented by his trial attorney.

On appeal, Hill argues that he failed to receive discovery, specifically the "chief Commonwealth witness statement attesting to basically what, who, and why he was assaulted, if, in fact, that did occur." Appellant's Brief, at 7. However, a review of the certified record reveals no pre-trial motion for discovery. Hill is therefore due no relief on this claim. **See** Pa.R.Crim.P., Rule 573(A) ("When there are items requested by one party which the other party has refused to disclose, the demanding party may make appropriate motion."); **Commonwealth v. Long**, 753 A.2d 272, 277 (Pa.Super. 2000)

(construing a previous version of Rule 573 to require a request for discovery by defendant before the Commonwealth's duty to disclose is triggered).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016