J-A14033-17

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| STEWART ENOS | No. 1131 EDA 2016 |

Appeal from the Order March 22, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008798-2014

BEFORE: BENDER, P.J.E., BOWES, J., AND SHOGAN, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED DECEMBER 08, 2017**

I agree with Judge Bender's concurring memorandum that the Majority's disposition of the Commonwealth's second issue renders its analysis of the first issue *obiter dictum*. I also write to voice my disagreement with the Majority's determination of the second issue that the trial court abused its discretion in ruling on the merits of Stewart Enos's untimely motion to suppress. I believe that the trial court was within its discretion to determine that this issue implicated the interests of justice, such that it could assess the merits of Enos's belated motion to suppress. Although I believe it was within the court's purview to entertain the belated motion, I disagree with the learned trial judge's decision to suppress.

This matter centers upon a controlled drug buy conducted on July 7, 2014, in Pottstown, Montgomery County. At that time, the lead investigator, Sergeant Michael Markovich of the Pottstown Police Department, solicited the aid of a confidential informant ("CI"), in order to make contact with, and purchase narcotics from, a suspected drug dealer in the area. After ensuring that the CI was not in possession of drugs, money, or drug paraphernalia, Sergeant Markovich provided him with twenty dollars in prerecorded money, and outfitted the CI with a covert video-recording device. That device did not record sound, and it did not transmit an audio/video feed. The CI contacted the suspect, whom he knew as "Stew," and established a time and place to transact the drug sale.

The CI proceeded to the agreed upon location on foot. Sergeant Markovich followed the CI in his police vehicle from a short distance. When the CI arrived at the meeting point, a white Toyota pick-up truck with tinted windows stopped nearby. The CI entered the truck, which proceeded approximately one-half block eastward, at which point it stopped and the CI exited. The concealed video device recorded the interior of the vehicle during this short trip, and captured Enos providing the CI with crack cocaine in exchange for the prerecorded money.

Enos was subsequently arrested and charged with possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia. On March 21, 2016, Enos filed a pre-trial

motion that sought the disclosure of the identity of the confidential informant. He also filed a pre-trial motion *in limine*, in which he claimed that the video recording of the alleged drug transaction was unreliable and could not be authenticated without the testimony of the confidential informant. After a hearing on the matter, the trial court denied both motions. Immediately thereafter, the trial court conducted *voir dire*, and the jury was empaneled.

On March 22, 2016, the day trial was scheduled to commence, Enos filed an untimely motion to suppress the videotaped evidence. Defense counsel premised the motion on this Court's ruling in ***Commonwealth v. Dunnavant***, 63 A.3d 1252 (Pa.Super. 2013), *aff'd by an equally divided court*, 107 A.3d 29 (Pa. 2014), that the concealed recording of the interior of a suspect's home during a controlled drug transaction violated that suspect's constitutional rights, and thus, warranted suppression of the video recording. The trial court found that, pursuant to Pa.R.Crim.P. 581(B), the opportunity to present the suppression issue clearly existed prior to trial since the ***Dunnavant*** decision had been filed in 2013.[1] Nevertheless, the court found that it was in the

---

[1] The Crimes Code governs motions to suppress evidence, and reads, in pertinent part:

> (B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed waived.

interests of justice to ignore defense counsel's procedural miscue, and held a hearing on Enos's suppression motion.

Following the hearing, the trial court granted Enos's motion to suppress and, *sua sponte*, declared a mistrial based on manifest necessity. The Commonwealth filed a timely notice of appeal and certified that the trial court's ruling terminated or substantially handicapped the prosecution. The Commonwealth complied with the trial court's order to file a Rule 1925(b) concise statement of errors complained of on appeal, and the trial court authored its Rule 1925(a) opinion. This matter is now ready for our review.

The Commonwealth presents two questions for our review:

I. Did the trial court err when it extended **Commonwealth v. Dunnavant**, [**supra**], to suppress a video of a drug transaction in [Mr. Enos's] car, where he had a diminished expectation of privacy?

II. Did the trial court abuse its discretion when it heard [Mr. Enos's] untimely suppression motion after swearing the jury when defense counsel admitted that the grounds for that motion previously existed and the interests of justice did not require it?

Commonwealth's brief at 4.

At the outset, I note that, although the Majority fully considered the merits of the Commonwealth's first issue, its disposition as to the second issue renders this discussion merely *dicta*. The second procedural issue should have

_____

Pa.R.Crim.P. 581(B).

- 4 -

been addressed first in order to determine whether the first issue was properly before this Court.

Turning to the Majority's handling of the Commonwealth's second issue, it found that the trial court abused its discretion when it ruled on Enos's untimely motion to suppress. In this vein, the Majority observed that the trial court considered Enos's motion in the "interests of justice," Pa.R.Crim.P. 581(B), because it recognized the novelty of his argument, and that failing to hear it would almost certainly result in a meritorious PCRA claim contesting defense counsel's stewardship.

The Majority determined that the trial court erred in utilizing this reasoning. First, it noted that, pursuant to Pa.R.Crim.P. 579, a motion to suppress must be filed as part of an omnibus pretrial motion within thirty days of arraignment, unless the opportunity to do so did not exist, the defendant or defense counsel was unaware of the grounds for the motion, or the time of filing was extended by the court for good cause shown. The Majority concluded that none of those exceptions was applicable herein, and highlighted that Enos filed a pretrial motion *in limine*, as detailed above, which dealt with the exact same video evidence, yet he did not move to suppress it at that time. As Pa.R.Crim.P. 579 delineates the exceptions to the timeliness of a **pre-trial** omnibus motion, I find the Majority's analysis in this regard misses the mark since it is undisputed that Enos did not file his motion prior to the commencement of trial. Rather, Pa.R.Crim.P. 581(B), which the trial

court expressly relied upon, provides the means by which a trial court may consider an untimely motion to suppress which was not included in a pre-trial omnibus motion, and hence, our analysis should concentrate on that Rule alone.

The Majority sets forth the appropriate standard of review regarding untimely motions to suppress under Pa.R.Crim.P 581(B), which reads, in relevant part, as follows:

> A defendant may file supplemental motions to suppress, but only "unless the opportunity did not previously exist, or the interests of justice otherwise require." Pa.R.Crim.P. 581(B); *Commonwealth v. Micklos*, 448 Pa.Super. 560, 672 A.2d 796, 802 (1996). "The 'interest of justice' exception provides a trial judge with discretion to excuse a party's tardy presentation of a suppression motion." *Id*. We review the court's decision on these matters for an abuse of discretion. *Id*. An abuse of discretion is not a mere error of judgment. Rather, it exists where the judge acts manifestly unreasonably, misapplies the law, or acts with partiality, bias, or ill will. *Id*. at 803.

Majority Memorandum at 18 (citing *Commonwealth v. Johonoson*, 844 A.2d 556, 560-561 (Pa.Super. 2004) (footnote omitted)).

Essentially, the Commonwealth argues that the trial court abused its discretion by misapplying the law enunciated in *Dunnavant*, *supra*, which did not squarely apply to the clandestine recordings of a drug transaction occurring within a vehicle. Further, it contends that by basing its determination on a potentially meritorious PCRA claim in a subsequent proceeding, the trial court deprived the Commonwealth of an opportunity to

fully litigate that issue in the proper setting, and under the proper jurisprudential backdrop.

The Majority found this reasoning persuasive, and, in addition, noted that defense counsel's errors were especially egregious since jeopardy had attached to the proceedings, and he could provide no justification for why he had not brought this issue before the court prior to trial, other than his own negligence. In my view, respectfully, the Majority should have ended its analysis here and ordered reversal on that basis. Nevertheless, it proceeded to address the merits of the decision to suppress and concluded that the trial court abused its discretion in suppressing the video evidence obtained by the Commonwealth.

I would not find that the trial court abused its discretion in considering Enos's untimely motion to suppress. Rule 581(B) sets forth two exceptions when a trial court may consider such an untimely motion: when the opportunity did not previously exist, or when the interests of justice otherwise require. Pa.R.Crim.P. 581(B). As outlined above, the "interests of justice" exception provides the trial judge with discretion to hear such untimely motions. **Johonoson**, **supra**. When considering that Enos's untimely motion to suppress falls squarely within the auspices of Rule 581(B), and the trial court expressly resolved its decision on the interests of justice, I would limit my analysis to those facts and considerations relevant to that determination. Hence, the Majority's reliance on defense counsel's admitted

missteps, which are germane to the first exception under Rule 581(B), seems particularly out-of-place when evaluating whether the court abused its discretion in considering the untimely motion in the "interests of justice."

I acknowledge that this Court has previously held that the trial court should exercise its discretion to hear an untimely suppression motion "where the merits of counsel's [motion] were so apparent that justice required it be heard." *Commonwealth v. Long*, 753 A.2d 272, 280 (Pa.Super. 2000) (citing *Commonwealth v. Hubbard*, 372 A.2d 687, 693 (Pa. 1977)). Nevertheless, I would not limit this principle as narrowly as the Commonwealth advocates, that is, only to situations where the law "clearly supported the defendant's motion[.]" Commonwealth's brief at 26.

In my mind, if we permit the trial court to consider an untimely motion to suppress only where the law "clearly supports" that decision, then we leave no room for the court to exercise its discretion. Such an outcome-determinative analysis transmutes the exercise of discretion into a mere administration of mandated law. This reading alters our analysis from one of "apparent merit" to one of "actual merit." Further, doing so limits the reach of zealous advocacy, and stifles, as was the case here, robust discussion of an otherwise significant constitutional question.

Here, Enos presented a motion to suppress seeking to extend *Dunnavant*'s holding to the interior of an individual's personal vehicle. He presented a reasonable position with arguable merit. After considering the

facial rationality of that motion, the trial court determined that justice would be best served by permitting a hearing on the topic.[2] The trial court further supported this decision by noting that defense counsel's failings likely constituted a meritorious claim for ineffective assistance of counsel during collateral review. Therefore, it concluded that it would be a waste of judicial resources to withhold argument on the matter until a later proceeding.

In my mind, such a ruling is a quintessential exercise of trial court discretion, and we need not, nor should we, rely upon our resolution of Enos's first claim in arriving at that conclusion. Rather, we should review the trial court's exercise of discretion from its perspective at the time Enos submitted his untimely motion, without the benefit of hindsight. The trial court was persuaded by defense counsel's position, wrought through zealous advocacy. We should not quarrel with the trial court's exercise of its discretion after the fact simply because, on appellate review, we would not be similarly swayed. From the face of the untimely motion to suppress, Enos's position had apparent merit, and thus, the trial court did not abuse its discretion in

---

[2] It bears stating that I believe that the evaluation of the apparent merit of Enos's motion to suppress was alone sufficient to support the trial court's finding that it was in the interests of justice to hold a hearing. The trial court's estimation of the merits of a subsequent PCRA claim are not relevant to this determination. Nonetheless, considerations of judicial economy certainly play some role when evaluating the interests of justice in this context, however, I am not persuaded by the trial court's reasoning in this regard herein.

considering it. Accordingly, I would reach the merits of the Commonwealth's initial challenge.

With regard to the Commonwealth's first contention, the Majority reasoned that the issue was controlled by ***Commonwealth v. Blystone***, 549 A.2d 81 (Pa. 1988), and that Enos "forfeited his decreased reasonable expectation of privacy in his automobile when he invited the CI into it." Majority Memorandum at 11. It observed that, "[o]nce he opened his car to the CI, he relinquished any reasonable expectation of privacy and the protections of the Fourth Amendment and Article I, Section 8, and he risked that the entire transaction could be recorded and given to the police." ***Id***. at 11-12. Hence, the Majority concluded that the trial court abused its discretion in extending the ***Dunnavant*** case to the surreptitious video recording of a controlled drug buy within a suspect's car. Insofar as this analysis is concerned, I agree with the Majority's legal reasoning and application of ***Blystone***, ***supra***, to the facts at hand. As such, in light of the above, I offer this concurring and dissenting memorandum.