J-A11002-18

| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellee | |
| | v. | |
| AMAVILES MARTINEZ, JR. | | |
| | Appellant | No. 1350 MDA 2017 |

Appeal from the Judgment of Sentence July 31, 2017 In the
Court of Common Pleas of Berks County Criminal Division at Nos:
CP-06-CR-0000907-2014

BEFORE:  STABILE, J., NICHOLS, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 14, 2018**

Appellant, Amaviles Martinez, Jr., appeals from his judgment of sentence of six to fifteen years' imprisonment for possession of a firearm by a felon[1] and possession of controlled substances with intent to deliver.[2]  We affirm.

On February 6, 2014, Berks County probation officers visited Appellant's residence while Appellant was on probation for a corrupt organizations conviction.  The officers discovered a substantial amount of marijuana and a firearm during the visit.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105.

[2] 35 P.S. § 780-113(a)(30).

1

On March 21, 2014, the Commonwealth filed an information charging Appellant with the above offenses along with possession of drug paraphernalia. The trial court granted Appellant an extension of time until May 16, 2014 to file omnibus pretrial motions. Appellant did not file a motion to suppress until October 24, 2016, two years and five months after the extended deadline. On October 27, 2016, the trial court denied the suppression motion as untimely.

Almost two months later, on December 22, 2016, Appellant filed a motion seeking reconsideration of the order denying his suppression motion. Appellant admitted that his initial motion was both untimely and boilerplate in nature but asked the court to excuse these defects in the interests of justice. On December 27, 2016, the trial court denied the motion for reconsideration.

On March 13, 2017, Appellant filed a second motion for reconsideration fleshing out his argument for suppression. In essence, Appellant asserted that (1) on the afternoon of February 6, 2014, probation officers visited his residence without advance notice and demanded entry without any reasonable suspicion of any criminal wrongdoing; (2) Appellant did not voluntarily consent to their entry; (3) during the visit, the probation officers obtained incriminating statements from Appellant without first providing **Miranda**[3] warnings; and (4) based on these incriminating statements, a probation officer found marijuana in the living room, and (5) a police officer who responded to

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

- 2 -

the probation officer's call unlocked a bedroom door and found a gun inside. On March 17, 2017, the court denied Appellant's second motion for reconsideration.

The trial court granted the Commonwealth's motion to sever the firearms charge from the other charges. During trial on the firearms charge, Appellant's wife testified that she owned the firearm instead of Appellant and that she obtained the firearm to "protect her family." N.T., 6/7/17, at 136. Nevertheless, the jury found Appellant guilty of the firearms charge. On July 26, 2017, the trial court, sitting without a jury, found Appellant guilty of the remaining charges.

On July 31, 2017, the trial court imposed sentence. Appellant filed timely post-sentence motions, which the trial court denied, and a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. The trial court stated in its opinion that it denied Appellant's initial suppression motion and two motions for reconsideration because they were untimely and boilerplate in nature. Trial Ct. Op., 10/5/17, at 4-5.

Appellant raises two issues in this appeal:

A. Whether the trial court erred and abused its discretion first, by failing to hold a pretrial evidentiary hearing on Appellant's amended motion to suppress based on violation of the Appellant's rights under the Fourth and Fifth Amendments to the United States constitution and analogous provisions of the Pennsylvania constitution, and second, thereby in effect denying the motion to suppress?

B. Whether, in this prosecution of [Appellant] for alleged unlawful possession of a firearm, the trial court erred and abused its

- 3 -

discretion by barring [Appellant's] wife from testifying to the circumstances supporting her testimony that she alone obtained the firearm for protection of her household and family?

Appellant's Brief at 2.

In his first argument, Appellant objects to the trial court's refusal to hold a pretrial hearing due to the tardiness of his suppression motion. We review decisions denying leave to file an untimely suppression motion for abuse of discretion. *Commonwealth v. Long*, 753 A.2d 272, 279 (Pa. Super. 2000).

The Rules of Criminal Procedure require defendants to file suppression issues within an omnibus pretrial motion. Pa.R.Crim.P. 581(B). The defendant must file and serve the omnibus motion "within 30 days after arraignment . . . unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A). If the defendant files an untimely suppression motion, "the issue of suppression of such evidence shall be deemed to be waived" unless the court excuses the defendant's tardiness in the "interests of justice." Pa.R.Crim.P. 581(B). The "interests of justice" test requires consideration of "the length and cause of the delay, the merits of the suppression claim, and the court's ability, considering the complexity of the issues and the availability of the witnesses, to hold the hearing promptly." *Commonwealth v. Brown*, 378 A.2d 1262, 1266 (Pa. Super. 1977). The trial court should invoke the "interests of justice" exception when "the merits of counsel's [untimely] motion [are] so apparent that justice require[s] that it be heard." *Commonwealth v. Hubbard*, 372 A.2d 687, 693 (Pa. 1977),

*overruled on different grounds*, ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002).

Courts are unwilling to apply the "interests of justice" exception in the defendant's favor when he raises an untimely suppression issue whose merits are not apparent. ***Hubbard***, 372 A.2d at 695 (where officers requested consent to inspect defendant's automobile and boots after short, informal questioning period in defendant's home in which officers twice advised defendant of his right to refuse consent, defendant's motion at murder trial to suppress evidence relating to automobile and boots on ground that he had not been advised of his ***Miranda*** rights before consenting to inspection did not raise apparently meritorious claim; thus, "interests of justice" did not require that such motion be heard). Courts are also reluctant to excuse untimely motions arguing issues that the defendant could have timely raised by the original due date. ***Commonwealth v. Johonoson***, 844 A.2d 556, 561 (Pa. Super. 2004) (trial court properly denied defendant's supplemental suppression motion as untimely where defendant knew facts and circumstances surrounding traffic stop at time of original suppression motion but limited original motion to different issue and did not file supplemental motion until four months later, after court had denied original motion); ***compare Commonwealth v. Long***, 753 A.2d 272, 279-80 (Pa. Super. 2000) (trial court properly considered, in prosecution for driving under the influence, defendant's oral suppression motion presented at conclusion of Commonwealth's case, on ground that recently obtained videotape of traffic

stop and arresting officer's trial testimony provided basis for the motion not available pretrial).

In this case, the original deadline for Appellant's motion to suppress was Monday, April 21, 2014, thirty days after Appellant's arraignment. Pa.R.Crim.P. 579(A). Appellant requested and received an extension to file his motion until May 14, 2014. Despite this extension, he did not file his original suppression motion until October 24, 2016, two years and five months after the extended deadline, and he failed to present good cause for this lengthy delay. Bluntly put, Appellant displayed abject indifference to the court's schedule. Moreover, Appellant's original motion and initial motion for reconsideration were boilerplate in nature. His second motion for reconsideration, which claimed that the probation officers performed the search without his consent and failed to provide **Miranda** warnings, was more detailed than his prior motions, but its merit was not "so apparent that justice required it be heard." **Hubbard**, 372 A.2d at 693. Further, nothing prevented Appellant from raising these arguments 2½ years earlier in a timely suppression motion. We conclude that the trial court acted within its discretion by denying Appellant's original motion to suppress and motions for reconsideration without a hearing.

In his second argument, Appellant contends that the trial court erred by precluding Appellant's wife from explaining her reasons for obtaining the firearm that law enforcement officers discovered in the residence. We review

the trial court's evidentiary rulings for abuse of discretion. ***Commonwealth v. Hanford***, 937 A.2d 1094, 1098 (Pa. Super. 2007).

We conclude that this ruling was a proper exercise of the trial court's discretion. The court explained that it permitted Appellant's wife to testify that the gun belonged to her and not Appellant, but it barred testimony about her reasons for owning the gun because they "[had] no bearing on any material fact. The material fact in this case was **possession** of the gun by Appellant. Whether [Appellant's wife] had acquired the gun legally or with a substantial justification was irrelevant [to whether Appellant was in possession of the gun]." Trial Ct. Op. at 9 (emphasis added). We also observe that this ruling did not prejudice Appellant, for his wife still managed to explain her reason for obtaining the gun by testifying that she needed the gun to "protect her family." N.T., 6/7/17, at 136.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/18