J-S15005-23
J-S15006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :

            v.                               :
                                           :

THEODORE ERVIN SHENK, SR.      :
                                           :

          Appellant            :    No. 1210 MDA 2022

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000116-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :

            v.                               :
                                           :

THEODORE ERVIN SHENK, SR.      :
                                           :

          Appellant            :    No. 1299 MDA 2022

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000024-2017,
CP-50-CR-0000116-2017

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:         **FILED: MAY 23, 2023**

Theodore Ervin Shenk, Sr. appeals from the aggregate judgment of sentence of 142 months to 37 years of incarceration imposed in the above-captioned cases after a jury convicted him of multiple counts of rape of a child,

indecent assault, and other crimes related to the sexual abuse of his grandchildren, K.L.S. and A.L.S.[1]  We affirm.

> [Appellant] was charged with and convicted of the above-enumerated sex-related crimes after a two-day jury trial.  The crimes were committed by [Appellant] against two of his granddaughters, A.L.S. and K.L.S., during two separate time periods.  From January 1, 2012 through August 31, 2016, [Appellant] committed crimes against A.L.S. when she was age five through age nine.  From December 22, 2003 through December 22, 2004, [Appellant] committed crimes against K.L.S. while she was five years of age.
>
> Prior to trial, on November 30, 2018, after review, Senior Judge Robert B. Sacavage granted the Commonwealth's request for consolidation of the matters.  Then, on November 15, 2019, after hearing, review, and meeting with the minor victims, then-President Judge Kathy A. Morrow directed that an alternative method of testimony for the minor victims was required.
>
> A[fter changes of judge and counsel and multiple continuances occasioned by, *inter alia*, the COVID-19 pandemic and Appellant's requests for additional time to obtain an expert report,  a] pre-trial conference was held by [the trial court] on November 10, 2021, to plan the logistics for carrying out Judge Morrow's order for the contemporaneous alternative testimony of minor A.L.S.  This pre-trial conference was attended by the Commonwealth and [Appellant]'s counsel (and, in fact, was re-scheduled once at the request of [Appellant]'s counsel).
>
> [Appellant] was found guilty of all charges against him following his two-day jury trial which concluded on November 16, 2021.  On May 4, 2022, he was sentenced to a combined total period of incarceration of 142 months to 37 years[.]

Trial Court Opinion, 7/29/22, at 2-3 (cleaned up).

_____

[1] We note that K.L.S. and A.L.S. are cousins, not sisters.  While the trial court and the parties do not utilize periods with their initials, we have added them within quotations throughout this memorandum for the sake of consistency.

Appellant filed a timely post-sentence motion in both cases which the trial court denied by opinion and order of July 29, 2022, also captioned in both cases. Appellant filed a timely notice of appeal on Monday, August 29, 2022, captioned only at docket number 116-2017, but attaching the July 29, 2022 order captioned in both cases. On September 1, 2022, the trial court filed an order at docket number 116-2017 directing Appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). The following day, Appellant filed a corrected notice of appeal in each case that included both docket numbers at which Appellant was sentenced. Appellant thereafter timely filed his Rule 1925(b) statement in both cases and the trial court entered an order in both cases indicating that it relied upon its July 29, 2022 opinion to explain its rulings.

In the appeal pertaining to docket number 24-2017, this Court issued a rule to show cause why the September 2, 2022 appeal should not be quashed as untimely. Appellant responded that the second notice of appeal was merely filed to correct the record to reflect that the initial, timely appeal implicated both of the consolidated cases. This Court discharged the rule and referred the issue to the merits panel for resolution.

Hence, before we consider the substance of these appeals, we determine whether we have jurisdiction to entertain them. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court ruled that the Pennsylvania Rules of Appellate Procedure "require that when a

single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Walker**, **supra** at 977. It further instructed that "[t]he failure to do so will result in quashal of the appeal." **Id**. However, in **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), the Court opted to "largely blunt the bright-line rule the **Walker** Court sought to impose." **Young**, **supra** at 477. Specifically, the **Young** Court held that, when a timely notice of appeal is filed at only one docket number, Pa.R.A.P. 902 permits the correction of the error. **Id**. at 477-78. **See also** Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken."). This Court subsequently ruled that "[i]n the absence of a showing of actual prejudice to an appellee resulting from the lack of separate notices of appeal at each docket, bad faith by an appellant, or other circumstances that render clemency inappropriate, a party filing an appeal as of right will as a matter of course be permitted to correct a **Walker** violation pursuant to Rule 902." **Commonwealth v. Young** ("**Young II**"), 280 A.3d 1049, 1057 (Pa.Super. 2022).

The Commonwealth argues that these appeals should be quashed because Appellant had the opportunity to timely file the requisite number of notices of appeal but did not, and that he failed to invoke Rule 902 in either

his response to this Court's rule to show cause or in his brief. ***See*** Commonwealth's brief at 3-7. Consequently, the Commonwealth maintains that Appellant waived his right to perfect this appeal pursuant to ***Young***. We disagree.

The Commonwealth fails to account for our ***Young II*** holding that correction of a ***Walker*** error will be permitted unless the appellee shows good cause why it should not. It has not alleged that Appellant's failure to file two separate notices of appeal has prejudiced it or was done in bad faith. Further, we are not convinced that counsel's lack of understanding about how to appeal a judgment of sentence imposed at two docket numbers constitutes a circumstance that renders clemency inappropriate.[2] ***See Young II***, ***supra*** at 1057. Therefore, had counsel not filed the second notice of appeal, we would have applied ***Young II*** and remanded for Appellant to correct the procedural misstep, and then addressed Appellant's issues.

By filing the September 2, 2022 notice of appeal at docket number 24-2017, counsel already did what we would have ordered. Consequently, we need not remand and instead proceed to review Appellant's claims of error, which he states as follows:

_____

[2] Indeed, were we to quash this appeal, we would merely delay the inevitable, as Appellant would be entitled to reinstatement of his direct appeal rights *nunc pro tunc* based upon counsel's *per se* ineffectiveness. ***See***, ***e.g.***, ***Commonwealth v. Parrish***, 273 A.3d 989, 993 n.2 (Pa. 2022) ("[I]t has long been the law that counsel is ineffective *per se* if he fails to file a notice of appeal that his client requested be filed.").

A.      Whether the court erred in permitting the consolidation of the criminal actions for trial when the actions involved questions of law or fact not common to the other actions and did not all arise out of the same transaction or occurrence pursuant to Pa.R.Crim.P. 582.

B.      Whether the court erred in permitting the minor victim A.L.S. to testify by alternative means when the victim was a teenager, not a child, whose ability to communicate would not have been substantially impaired pursuant to 42 Pa.C.S. [§] 5885.

C.      Whether the court erred in permitting the testimony of Trp. Mark Fisher when the testimony was based on an interview where [Appellant] was in custodial interrogation and was not Mirandized, in violation of [his] rights pursuant to the Fifth Amendment to the United States Constitution and Article 1, [§] 9 of the Pennsylvania Constitution.

Appellant's brief at 6 (cleaned up).

Appellant first contends that the trial court erred in granting the Commonwealth's motion to consolidate the two cases. The following principles govern our review:

[T]he decision of whether to join or sever offenses for trial is within the discretion of the trial court, and such decision will not be reversed on appeal absent a manifest abuse of that discretion or a showing of prejudice and clear injustice to the defendant. The Pennsylvania Rules of Criminal Procedure provide that distinct offenses which do not arise out of the same act or transaction may be tried together if the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion.

***Commonwealth v. Stiles***, 143 A.3d 968, 975–76 (Pa.Super. 2016) (cleaned up). ***See also*** Pa.R.Crim.P. 582(A)(1) ("Offenses charged in separate indictments or informations may be tried together if: (a) the evidence of each

- 6 -

of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]").

It is well settled that "evidence concerning distinct crimes is inadmissible solely to demonstrate a defendant's bad character or his propensity to commit crimes[.]" *Id*. at 975-76. However, such evidence is properly admitted as proof of the following:

> (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

*Commonwealth v. Janda*, 14 A.3d 147, 156 (Pa.Super. 2011) (cleaned up).

Appellant acknowledges that "[t]he allegations in the case have certain similarities." Appellant's brief at 13. Specifically, he concedes that "both involve children of a similar age group and have a family link to defendant," and both concern "the same class of misconduct[.]" *Id*. However, he maintains that, because the victims were different and "the two cases were separated by a substantial period of time," the separate cases "did not reach the high degree of correlation in detail required to show a common scheme, plan, or design." *Id*. at 13-14. Appellant further argues that, even if the similarities were sufficient to constitute a common scheme, the evidence still

would not have been admissible because the prejudice outweighed the probative value of the evidence. *Id*. at 14.

The trial court addressed Appellant's arguments as follows:

At [Appellant]'s trial, [Appellant] presented as the grandfather of both minor victims, the age of both minors was similar, the specific nature of the assaults was similar and the [Appellant]'s conduct as to each victim as alleged prior to trial was similar. Upon review of the information provided and available to the trial court when consolidation was ordered, and the record at trial, this court considers the circumstances here indicated a classic common scheme, plan or design demonstrated in the commission of these two sets of offenses.

Trial Court Opinion, 7/29/22, at 4 (cleaned up).

We discern no abuse of discretion by the trial court. Appellant does not dispute the similarities of his pattern of sexual abuse of his two grandchildren, beginning when each was five years old, in his house while his wife was otherwise occupied. We perceive that the indication of a common scheme is strengthened, not weakened, by the lapse of time between the abuse of the first five-year-old granddaughter, and the more than seven years it took for the second granddaughter to be born and achieve the same age as the first. *Accord Commonwealth v. Aikens*, 990 A.2d 1181, 1185-86 (Pa.Super. 2010) (holding lapse of more than a decade between instances of the defendant's abuse of his daughters did not defeat admissibility of evidence to prove a common scheme where the abuse was similar enough, including that the abuse for each began when the child reached the same age);

***Commonwealth v. Luktisch***, 680 A.2d 877, 879 (Pa.Super. 1996) (same as to six-year gap between molestation of daughters).

Nor does Appellant's bald claim of prejudice convince us that the evidence in one case was inadmissible in the other. Our Supreme Court has acknowledged that, "[w]ithout a doubt, . . . other crimes evidence [is] prejudicial to [the defendant]. That is what it is designed to be." ***Commonwealth v. Gordon***, 673 A.2d 866, 870 (Pa. 1996). The issue is whether the probative value of the evidence is outweighed by the potential for **unfair** prejudice. ***See*** Pa.R.E. 404(b)(2) (providing that, in a criminal case, other bad acts evidence may be admitted "if the probative value of the evidence outweighs its potential for unfair prejudice"). "The admission of evidence becomes problematic only when its prejudicial effect creates a danger that it will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." ***Commonwealth v. Diehl***, 140 A.3d 34, 41 (Pa.Super. 2016). Here, Appellant offers no basis for us to conclude that the at-issue evidence was so prejudicial that the jury was likely to abandon reason and convict him regardless of the trial court's instructions. Thus, we cannot conclude that the trial court improperly concluded that the potential for unfair prejudice outweighed the clear probative value of the evidence.

As we perceive no manifest abuse of discretion nor showing of clear injustice to Appellant, we conclude that the trial court did not commit

reversible error in consolidating the two cases for trial. Thus, Appellant's first issue merits no relief.

Appellant next challenges the trial court's decision to allow A.L.S. to testify outside of his presence pursuant to 42 Pa.C.S. § 5985. That statute provides as follows, in pertinent part:

> **(a) Contemporaneous alternative method.--**Subject to subsection (a.1), in any prosecution or adjudication involving a child victim or a child material witness, the court may order that the testimony of the child victim or child material witness be taken under oath or affirmation in a room other than the courtroom and transmitted by a contemporaneous alternative method. . . . The court shall permit the defendant to observe and hear the testimony of the child victim or child material witness but shall ensure that the child cannot hear or see the defendant. The court shall make certain that the defendant and defense counsel have adequate opportunity to communicate for the purposes of providing an effective defense. Examination and cross-examination of the child victim or child material witness shall proceed in the same manner as normally permitted.

> **(a.1) Determination.--**Before the court orders the child victim or the child material witness to testify by a contemporaneous alternative method, the court must determine, based on evidence presented to it, that testifying either in an open forum in the presence and full view of the finder of fact or in the defendant's presence will result in the child victim or child material witness suffering serious emotional distress that would substantially impair the child victim's or child material witness's ability to reasonably communicate. In making this determination, the court may do all of the following:

> > (1) Observe and question the child victim or child material witness, either inside or outside the courtroom.

> > (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim or child material witness in a medical or therapeutic setting.

42 Pa.C.S. § 5985.

As recounted *supra*, after the Commonwealth moved to allow the child victims to testify by alternate contemporaneous means, Judge Morrow held a hearing and met with the children and granted the motion in November 2019. However, due to the number of continuances requested by Appellant, the trial did not occur until two years later. Appellant does not dispute the initial ruling was made in compliance with § 5985(a.1), but rather suggests that it became stale and a new hearing confirming the continued necessity of testimony by an alternative method should have been undertaken. Specifically, Appellant presents the following argument:

> In the present case victim A.L.S. alleges that she was sexually assaulted by the defendant when she was between the ages of 5 and 9. At the time of the Commonwealth's motion to allow A.L.S. to testify by contemporaneous alternative method she was 11 years of age. At the time of the defendant's trial, A.L.S. was 15 years of age. No evidence was presented to the court at the time of trial, when A.L.S. was 15 years of age, that testifying in an open forum in the presence and full view of the finder of fact or in the defendant's presence would have resulted in A.L.S. suffering serious emotional distress that would substantially impair her ability to reasonably communicate.

Appellant's brief at 15.

As the trial court aptly notes, Appellant raised no challenge to the continued validity of Judge Morrow's ruling at the court's November 2021 pretrial conference that was "set specifically for deciding the logistics of the alternative method to facilitate the testimony of A.L.S. at trial." Trial Court Opinion, 7/29/22, at 5 (cleaned up). Indeed:

> No objections or hesitations were raised by any party at any time prior to, during or after that conference. All present agreed to the alternate contemporaneous method selected and utilized at trial, which was comprised of a video conferencing tool that projected A.L.S.'[s] image and audio over a large screen/monitor directly in front of and in full view of [Appellant], the jury, and all others present in the courtroom during [the] two-day trial. Moreover, no objections were raised at trial—either before, during or after A.L.S.'s testimony was presented to the jury via the contemporaneous alternative method.

*Id*. (cleaned up).

It is axiomatic that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). As our Supreme Court has explained:

> By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1212 (Pa. 2010) (citations omitted). Since Appellant did not challenge the continued necessity of A.L.S.'s testimony by alternative means given the passage of time, the Commonwealth had no cause to present evidence that she would still suffer severe emotional distress despite being two years older, and the trial court had no reason to consider the issue. As it would be fundamentally unfair to allow Appellant to pursue the claim on appeal, we deem the issue waived. *Accord Commonwealth v.*

***Torres-Kuilan***, 156 A.3d 1229, 1231 (Pa.Super. 2017) (finding challenge to trial court's application of § 5985 waived because no timely objection was made and the issue was raised for the first time on appeal).

In his final issue, Appellant asserts that the testimony of Trooper Mark Fisher about statements Appellant made at an interview was improperly admitted. Specifically, he contends that the statements were elicited at a custodial interrogation without first issuing ***Miranda*** warnings,[3] in violation of the Fifth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution. ***See*** Appellant's brief at 18-21.

As the trial court noted in its opinion, Appellant raised this issue for the first time at trial. In particular, since Appellant offered the defense that he could not have committed the acts alleged because he was incapable of obtaining an erection, the Commonwealth indicated an intention to present testimony from Trooper Fisher about Appellant's representation that he was sexually active with his wife. ***See*** Trial Court Opinion, 7/29/22, at 9-10. The Commonwealth argued at trial, and maintains on appeal, that by failing to raise his contention that the evidence was inadmissible in a pre-trial

---

[3] ***See Miranda v. Arizona***, 384 U.S. 436, 444 (1966) ("Prior to any questioning [in a custodial interrogation], [a] person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.").

- 13 -

suppression motion, Appellant waived the claim. *See* N.T. Trial, 11/16/21, at 69; Commonwealth's brief at 12-13. We agree.

The suppression of evidence allegedly obtained in violation of a defendant's rights is governed by Pa.R.Crim.P. 581. Pursuant to that Rule, if a timely suppression motion is not made, "the issue of suppression of such evidence shall be deemed to be waived." Pa.R.Crim.P. 581(B). "Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578." *Id*. "Whether the opportunity did not previously exist, or the interests of justice otherwise require is a matter for the discretion of the trial judge." ***Commonwealth v. Sodomsky***, 137 A.3d 620, 626 (Pa.Super. 2016) (cleaned up). We have held that the interests of justice require consideration of an untimely suppression motion "where the merits of counsel's oral motion were so apparent that justice required it be heard." ***Commonwealth v. Long***, 753 A.2d 272, 280 (Pa.Super. 2000) (cleaned up).

Appellant did not file a suppression motion, but raised for the first time on the second day of trial the claim that his statements should be suppressed because they were made during a custodial interrogation. *See* N.T. Trial,

11/16/21, at 68.[4] While trial counsel argued that "[c]onstitutional rights are never waivable," he acknowledged that "[t]here may be ineffective assistance of counsel," presumably referencing prior counsel's failure to move for suppression pretrial.[5] *Id*.

On appeal, Appellant does not assert that he did not have the opportunity to move pretrial to suppress his statements. Nor did the interests of justice require that the tardy oral motion be entertained. As the trial court indicated, when Appellant voluntarily accompanied troopers to Pennsylvania State Police barracks on the date in question, they advised Appellant that he was not under arrest and that he was free to stop the interview and leave at any time. *See* Trial Court Opinion, 7/29/22, at 9. Hence, it is not at all apparent from the certified record before us that Appellant was so obviously subjected to a custodial interrogation without *Miranda* warnings that the belated motion should have been entertained. *Id*. at 9 n.1 (indicating "there

_____

[4] The transcript from the second day of trial was not made part of the record certified to this Court, but is included in Appellant's reproduced record. As the Commonwealth does not dispute its accuracy, we may consider it. *See*, *e.g.*, *Commonwealth v. Holston*, 211 A.3d 1264, 1276 (Pa.Super. 2019) ("[W]here the accuracy of a document is undisputed and contained in the reproduced record, we may consider it.").

[5] Trial counsel was incorrect about the ability to waive claims that implicate the violation of a constitutional right. *See*, *e.g.*, *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa.Super. 2017) (observing in the context of Rule 302(a), that "issues, even those of constitutional dimension, are waived" if not timely raised).

is absolutely nothing in this record to support counsel's conclusion" that the statement was made in a custodial interrogation).

Accordingly, we cannot conclude that the trial court erred in admitting the apparently-voluntary statements rather than halting trial to hold an impromptu hearing on Appellant's claim, not even fleshed out until his post-sentence motion, that he "was subject to a custodial interrogation because he reasonably did not believe he had the right to leave." *Id*. Given the absence of a timely suppression motion, the suppression issue is waived and cannot serve as a basis for appellate relief. *See* Pa.R.Crim.P. 581(B) ("If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.").

For the above reasons, we hold that each of Appellant's issues is either meritless or waived. Therefore, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023

- 16 -