J-S06022-26

2026 PA Super 115

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOY ROSELLIE LLOYD | : | |
| | : | |
| Appellant | : | No. 1175 WDA 2025 |

Appeal from the Judgment of Sentence Entered June 17, 2025
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000748-2023

BEFORE: KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

OPINION BY SULLIVAN, J.:                    **FILED: June 8, 2026**

Joy Rosellie Lloyd ("Lloyd") appeals from the judgment of sentence imposed following her conviction of arson and related offenses.[1]  On appeal, Lloyd challenges the trial court's decision to grant a continuance after denying her motion *in limine* seeking to exclude videos based on an alleged discovery violation.  Because Lloyd has not established a discovery violation or an abuse of discretion in the trial court's grant of a continuance, we affirm.

The facts and procedures relevant to this appeal are as follows.  In November 2023, police charged Lloyd for setting fire to the porch of her relatives' home.  After the case was held over for trial, Lloyd filed a discovery request for, *inter alia*, videos in the possession of law enforcement.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 3301(a.1).  **See also** 18 Pa.C.S.A. §§ 3302(a), 2705, 907(a).

In January 2024, the trial court granted Lloyd's motion for a competency examination, and further delays occurred when the court ordered treatment to restore Lloyd's competency for trial. In October 2024, the trial court determined Lloyd was competent to stand trial. In November 2024, the court granted Lloyd's request for a non-jury trial and scheduled trial for January 29, 2025.

On January 24, 2025, Lloyd and the Commonwealth filed a series of motions: Lloyd's motion *in limine* citing Pa.R.Crim.P. 573 and seeking to exclude evidence, the Commonwealth's separate motion for a continuance, and Lloyd's opposition to a continuance. These filings centered on the Commonwealth's allegations that, despite having previously requested discovery materials from the arresting police officer, it did not receive videos until the same week of the filings. **See** Commonwealth's Motion for Continuance, 1/24/25, unpaginated at 1.[2]

In her motion *in limine* and opposition to the Commonwealth's motion for a continuance, Lloyd asserted that, on January 22, 2025, the Commonwealth first informed her counsel about the disc of videos and, the following day, the Commonwealth told her counsel the disc contained forty videos, each running about one-half hour. **See** Lloyd's Motion *in Limine*, 1/24/25, unpaginated at 2. Lloyd averred she filed her motion *in limine* the

_____

[2] The Commonwealth did not specify which day it received the videos from the arresting officer. We note, however, the Commonwealth averred it received the outstanding discovery from the arresting officer "this week," and that all of the motions were filed on January 24, 2025, a Friday.

day after receiving this information but before obtaining the disc. *See id*.

Lloyd noted that her counsel had not had an opportunity to review or consult

with her about the videos. *See id*.

Lloyd requested exclusion of the videos and criticized the

Commonwealth for previously having the case listed for trial and implying that

the case was ready for trial, but without noting any outstanding discovery, the

"bad conduct of the arresting officer," or the need for a continuance.

Opposition to Motion to Continue, 1/24/25, unpaginated at 1-2.[3]  Lloyd also

claimed a continuance of the scheduled trial date was "not feasible" because

Lloyd remained in custody and her mental state could change during any delay

of the trial.  Lloyd's Motion *in Limine*, 1/24/25, unpaginated at 2; *see also*

Opposition to Motion to Continue, 1/24/25, unpaginated at 2 (stating that "it

is unknown if [Lloyd's] competency will deteriorate as she awaits yet more

time while incarcerated to have her trial[,] so that is a concern").  Lloyd

asserted the Commonwealth "had over a year to review th[e videos]" and

characterized the Commonwealth's motion for a continuance as a "last

minute" response to her request to exclude the evidence.  Opposition to

Motion to Continue, 1/24/25, unpaginated at 2

_____

[3] Lloyd states the Commonwealth "caused the case to be listed" for trial in
March, April, and September 2024, and again in November 2024, without
reference to the outstanding discovery.  Lloyd's Brief, unpaginated at 11 n.1.
The Commonwealth has not disputed this point.  *See* N.T., 9/17/25, at 6-7.
We note we count the pages of Lloyd's brief beginning with the cover page as
page 1.

The trial court summarily denied Lloyd's motion *in limine*, granted the Commonwealth's motion for a continuance, and rescheduled the non-jury trial for April 1, 2025. **See** Orders, dated 1/27/25. The trial court held a trial on that date, and the Commonwealth utilized the subject videos without further objections from Lloyd. The trial court found Lloyd guilty, **see** N.T., 4/1/25, at 96,[4] and on June 17, 2025, the trial court sentenced Lloyd to three to seven years of imprisonment.

Lloyd filed a timely post-sentence motion requesting, in relevant part, a new trial based on the trial court's decisions to deny her motion *in limine* and grant the Commonwealth's motion for a continuance. The trial court held a hearing in September 2025, at which Lloyd restated her legal arguments she was entitled to the exclusion of the videos because the Commonwealth misrepresented its readiness for trial when previously listing the case for trial between March and November 2024. **See** N.T., 9/17/25, at 6.[5] The court

_____

[4] The trial court referenced videos and photographs when rendering its verdict. **See** N.T., 4/1/25, at 96. The trial court described the relevant video as follows:

> The video evidence consisted of security video from the gas station showing [Lloyd] pumping the gasoline [into a container] and carrying it away on foot, together with residential videos showing [Lloyd] walking towards the fire scene carrying the gasoline, and later walking away from the fire scene and discarding the gasoline container in a dumpster.

Trial Court Opinion, 11/17/25, at 2 n.1.

[5] Lloyd did not seek to develop a further record at the post-sentence motion hearing about the Commonwealth's late notice of the videos.

denied the post-sentence motion. Lloyd timely appealed, and both she and the trial court complied with Pa.R.A.P. 1925.

Lloyd raises the following issue for our review:

I. Whether the trial court erred in failing to grant [the] post-sentence motion and order a new trial where the motion *in limine* to exclude video testimony was improperly denied an[d] the motion to continue of the Commonwealth improperly granted?

Lloyd's Brief, unpaginated at 7 (italics added).

Lloyd's issue implicates the trial court's rulings to deny her motion *in limine* to exclude evidence based on an alleged discovery violation and to grant the Commonwealth's motion for a continuance.

When reviewing an order denying motion *in limine*, "we apply an evidentiary abuse of discretion standard of review." **Commonwealth v. Dodd**, 339 A.3d 514, 517 (Pa. Super. 2025) (citation and indentation omitted). Moreover, "decisions involving discovery in criminal cases lie within the discretion of the trial court." **Commonwealth v. Smith**, 955 A.2d 391, 394 (Pa. Super. 2008) (citation omitted). We will not disturb the trial court's rulings "unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." **See Dodd**, 339 A.3d at 517.

Pennsylvania Rule of Criminal Procedure 573 governs the duties related to pretrial discovery in a criminal matter, and provides, in relevant part:

**(B) Disclosure by the Commonwealth.**

(1) *Mandatory*. In all court cases, on request by the defendant, and subject to any protective order which the

- 5 -

Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

\* \* \* \*

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence;

Pa.R.Crim.P. 573(B)(1)(f). The Commonwealth has a continuing duty to disclose additional evidence or materials previously requested or ordered to be disclosed and promptly notify the defendant of the additional evidence. *See* Pa.R.Crim.P. 573(D). Rule 573 does not require the Commonwealth to turn over evidence that is not within its possession or control. *See* *Commonwealth v. Collins*, 957 A.2d 237, 253 (Pa. 2008); *Dodd*, 339 A.3d at 518 (Pa. Super. 2025); *Commonwealth v. Long*, 753 A.2d 272, 278 (Pa. Super. 2000) (discussing former Pa.R.Crim.P. 305, the predecessor to Rule 573, and noting, "Our cases uniformly hold that the prosecution does not violate discovery rules when it fails to provide the defense with evidence that it does not possess and of which it is unaware during pre-trial discovery, as when the evidence is in police custody") (citation omitted).[6] If the trial court finds the Commonwealth committed a discovery violation, the "court has

---

[6] Rule 573 does not alter the Commonwealth's duties under *Brady v. Maryland*, 373 U.S. 83 (1963), which extend to evidence in the possession of the police that is favorable to the defense and the suppression of which results in prejudice. *See Collins*, 957 A.2d at 253; *see also* Pa.R.Crim.P. 573, comment. Lloyd has not suggested *Brady* is at issue in this appeal.

broad discretion in choosing the appropriate remedy," including excluding the evidence. ***Commonwealth v. Brown***, 200 A.3d 986, 993 (Pa. Super. 2018) (citations omitted); ***see also*** Pa.R.Crim.P. 573(E). This Court has suggested that in most cases, "[a] continuance is appropriate where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise." ***See Smith***, 955 A.2d at 395 (citation omitted).

Absent a violation of Rule 573, the trial court has the discretion to grant or deny a continuance "in the interests of justice." Pa.R.Crim.P. 106(A) (stating "[t]he court . . . may, in the interests of justice, grant a continuance . . . on the motion of either party"); ***Commonwealth v. Simmons***, 56 A.3d 1280, 1285 (Pa. Super. 2012). "Absent a manifest abuse of discretion, which results in prejudice to the defendant, the trial court's decision will not be reversed on appeal." ***Simmons***, 56 A.3d at 1285.

Lloyd maintains the trial court should have excluded the videos because "the Commonwealth had repeatedly indicated it was ready to proceed to trial" and only moved for a continuance based on newly received evidence when Lloyd filed her motion *in limine* to exclude the videos. Lloyd's Brief, unpaginated at 14, 16-17. Lloyd contends the continuance and the subsequent admission of the videos at trial resulted in prejudice because without the videos, the Commonwealth's evidence was so weak that no reasonable jurist would have found her guilty. ***See id***. at 14-15, 17-18. Lloyd further claims it was "unclear" whether she remained competent to stand trial. ***Id***. at 15.

The trial court explained its rulings by noting "it appear[ed] the Commonwealth notified Lloyd of the delivery of the video evidence very promptly" and both the Commonwealth and Lloyd indicated there was insufficient time to review the videos before the then-scheduled trial date. Trial Court Opinion, 11/17/25, at 4-5. The court reasoned:

> The interests of justice required that both sides have a reasonable opportunity to review the new evidence, whether inculpatory, exculpatory, or neither. . . . [S]imply postponing the trial was the proper way to protect [Lloyd]'s right to a fair trial. Precluding evidence that had not been reviewed by either the Commonwealth or [Lloyd] was clearly not the solution.

*Id*. at 5.

Following our review, we discern no merit to Lloyd's arguments in this appeal. The duty to disclose under Rule 573 extends to evidence in the Commonwealth's possession and control, not evidence solely in police custody. *See Long*, 753 A.2d at 278 (late disclosure of a video recording did not establish a discovery violation where "the videotape was in police custody until the time of trial, and, as soon as the prosecutor became aware of the videotape, he acted promptly to inform counsel for [Long] of its existence and showed it to him"). Lloyd did not dispute the assertions the police had the videos until January 2024, and the Commonwealth promptly notified her of the existence of the videos once it received them. Moreover, Lloyd points to no facts suggesting the prosecution had knowledge of or access to the videos before notifying her of their existence. Lloyd's frustration with the Commonwealth's previous listings of the case for trial without referring to

outstanding discovery is not the type of delay Rule 573 intended to address. As this Court has stated, "Rule 573 . . . does not, itself, impose a duty of due diligence on the part of the Commonwealth," but rather requires prompt notification of additional evidence. ***Dodd***, 339 A.3d at 519.

In short, we discern no basis to conclude Lloyd's motion *in limine*, or her arguments on appeal, demonstrated a violation of Rule 573. Thus, Lloyd failed to trigger the remedies provision of Rule 573(E) to exclude the evidence, and the trial court did not err or abuse its discretion when denying her motion *in limine*.[7] ***See id***.; ***Long***, 753 A.2d at 278. Lastly, nothing in the record suggests the trial court's abuse of discretion when granting the Commonwealth's motion for a continuance under Rule 106's interests of justice standard. ***See*** Pa.R.Crim.P. 106; ***Simmons***, 56 A.3d at 1286.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/08/2026

---

[7] Even if the Commonwealth violated Rule 573, the trial court would not have abused its discretion in ordering a continuance pursuant to Rule 573(E). ***See Smith***, 955 A.2d at 395.